**UNITED STATES of America,
Appellee,**

v.

**Gary Thomas PYLE, Appellant.**

**No. 24149.**

United States Court of Appeals,
Ninth Circuit.

April 3, 1970.

J. Emery Barker (argued), Tucson, Ariz., for appellant.

William C. Smitherman (argued), Asst. U. S. Atty., Richard K. Burke, Tucson, Ariz., U. S. Atty., for appellee.

Before HAMLEY and KILKENNY, Circuit Judges, and GOODWIN,* District Judge.

HAMLEY, Circuit Judge.

Gary Thomas Pyle appeals from his conviction on a charge of bringing two pounds of marihuana into the United States from Mexico on December 4, 1968, in violation of 21 U.S.C. § 176a.

 Pyle first argues that the Government failed to prove his "entry" into the United States from Mexico. He suggests that it cannot be ascertained from the Government's evidence whether he entered from Mexico or merely drove around the United States port-of-entry, remaining at all times within the United States. Accordingly, defendant asserts, the trial court erred in denying his motion for a directed verdict of acquittal, made at the close of the Government's evidence.[1]

---

* The Honorable Alfred T. Goodwin, United States District Judge for the District of Oregon, sitting by designation.

1. Motions for directed verdicts have been abolished since promulgation of the Federal Rules of Criminal Procedure on

In our opinion the jury was entitled to find on the basis of evidence produced in the Government's case that Pyle entered the United States from Mexico at the time and place charged in the indictment. The Government's first witness, Charles B. Cunningham, testified that Pyle "arrived from Mexico and applied for admission into the United States." Cunningham was not cross-examined.

Pyle next contends that the trial court erred in giving an instruction to the jury invoking the statutory presumption provided in 21 U.S.C. § 176a. Under this and related instructions, the jury was told that if the Government proved beyond a reasonable doubt that Pyle had knowing possession of the marihuana, the jury could infer the existence of all essential elements of the crime. Those essential elements, in this section 176a case, are: (1) knowing importation of marihuana into the United States, (2) with intent to defraud, (3) "contrary to law." [2] Defendant argues that the invalidity of such an instruction, under the Due Process Clause of the Fifth Amendment, was established in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57 (1969), and that, under the facts of this case, the error was prejudicial.[3]

In a section 176a marihuana offense, where the defendant is apprehended at the border, a jury finding that the defendant there had knowing possession (which finding must be made before any section 176a presumption arises) necessarily establishes the first of the three essential elements listed above—knowing importation of marihuana into the United States.[4] If, in addition, the other two essential elements of the offense—intent to defraud, and "contrary to law"—are established by undisputed evidence, the section 176a presumption serves no function, and its giving is harmless error.

The circumstances referred to above exist in this border case. Defendant testified that he entered the United States from Mexico and that the package of marihuana was found attached to his car at the border. He denied that he knew the package was attached to his car, but the jury resolved this question of fact against him on substantial evidence.

Defendant argues in this court that the package may have been attached to his car before he entered Mexico, pointing out that the outerwrapping of the package bore the inscription "La Popular," a market in Nogales, Arizona. Defendant thus invokes the exception referred to in note 4.

No such theory was suggested at the trial. Defendant testified that he had left the automobile parked and locked on a Mexican street while he consumed five beers. The argument his counsel made to the jury, based on this testimony, was designed to suggest that, during defendant's absence, someone without defendant's knowledge attached the package underneath the car. The jury rejected

---

March 21, 1946. See FED.R.CRIM.P. 29(a). Defendant's motion is to be regarded as a motion for judgment of acquittal.

2. In the context of this case, the charge that the marihuana was imported "contrary to law" meant contrary to statutes and regulations requiring that all merchandise imported into the United States from a contiguous country be declared and presented for inspection at the port-of-entry. The trial judge so instructed the jury.

3. *Leary* is to be applied retroactively. United States v. Scott, 425 F.2d 55 (9th Cir. 1970).

4. This might not be true in the rare case where there is substantial evidence to indicate that the defendant was returning to the United States with the identical marihuana he had previously taken out of the country. In Leary v. United States, 395 U.S. 6, 11 at note 4, 89 S.Ct. 1532 (1969), for example, a smuggling charge was dismissed by the trial court because the evidence was undisputed that Leary had obtained the marihuana in New York and had carried it into Mexico and then back into the United States. See also, United States v. Claybourn, 180 F.Supp. 448, 451–452 (S.D.Calif.1960).

defendant's claim that this was done without defendant's knowledge when it found, independently of the section 176a inference, that he had knowing possession of the marihuana.

The other two essential elements of the offense—intent to defraud, and "contrary to law"—were established by undisputed evidence consisting of defendant's own testimony that he failed to declare the marihuana.

We therefore hold that, under the circumstances of this case, the constitutional error in giving an instruction on the section 176a presumption was harmless beyond a reasonable doubt. Such error does not require reversal. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

 At the trial defendant objected to the giving of an instruction on constructive possession. He argued that if there was any possession of the marihuana, it was actual possession, as to which the court gave a proper instruction. The trial court overruled the objection. Defendant labels this prejudicial error. While an instruction on actual possession was all that was required, we do not believe the giving of an additional instruction on constructive possession prejudiced the defendant.

 Finally, defendant claims that the trial court's ex parte dismissal of one of the charges against him constituted reversible error. Count I of the indictment charged the offense of which defendant was convicted; Count II charged the offense of being a transferee of marihuana without having obtained a permit or having paid the special tax required by law, in violation of 26 U.S.C. § 4744(a). Sometime during the day-long trial, the district court entered an order, ex parte, dismissing Count II. Counsel for defendant first became aware of this at the close of all the evidence, and prior to closing arguments, when the clerk handed him a copy of the order dismissing Count II. Defendant contends that this was er-

ror, citing Rules 43 and 48(a), Federal Rules of Criminal Procedure.

Assuming that Count II should not have been dismissed ex parte, we believe it was completely harmless. Harmless error is to be disregarded. 28 U.S.C. § 2111; FED.R.CRIM.P. 52(a).

Affirmed.