**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Paul Edward SIMON, Defendant-
Appellant.**

**No. 22678.**

United States Court of Appeals,
Ninth Circuit.

March 30, 1970.

Rehearing Denied May 4, 1970.

Murray Miller, Phoenix, Ariz. (argued), Joseph Soble, Tucson, Ariz., for appellant.

Jo Ann D. Diamos (argued), Asst. U. S. Atty., Richard K. Burke, U. S. Atty., Tucson, Ariz., for appellee.

Before BROWNING, ELY and HUF-STEDLER, Circuit Judges.

PER CURIAM:

Defendant was convicted by a jury of importing marihuana and hashish contrary to law in violation of 21 U.S.C. § 176a, and of importing amphetamines and barbiturates contrary to law in violation of 18 U.S.C. § 545. He was sentenced to five years on the section 176a charge and two years on the section 545 charge, the sentences to run concurrently.

■■■ Defendant's contention that section 176a violates his privilege against self-incrimination is without merit. United States v. Scott, 425 F.2d 55 (9th Cir. March 6, 1970) (in banc); Witt v. United States, 413 F.2d 303 (9th Cir. 1969).

■■■ Defendant also contends that it was error to instruct the jury in accordance with the second paragraph of section 176a, allowing the jury to infer from the fact of possession that the marihuana was imported contrary to law and that the defendant was aware that the marihuana was so imported.* The inference of knowledge of illegal importation was invalidated in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). In United States v. Scott, supra, we held that where an instruction permitting the inference was

given in a jury trial the conviction must be reversed "unless the giving of the instruction under the circumstances of this case was harmless beyond a reasonable doubt."

The uncontroverted evidence in this case is that in the course of a border search customs agents discovered 24 pounds of undeclared marihuana in packages taped to the springs of the automobile which defendant drove into the United States from Mexico.

The jury was instructed—correctly, of course, see Evans v. United States, 257 F.2d 121, 128 (9th Cir. 1958)—that the section 176a inference of illegal importation and knowledge of such illegal importation could be drawn only if the evidence established beyond a reasonable doubt that the defendant "knew he was in possession of the substance" and "knew it was marihuana."

Since it was uncontradicted that the marihuana was brought into the United States from Mexico without being invoiced or declared, and therefore "contrary to law," see United States v. Scott, supra, 425 F.2d at 60, defendant knew the marihuana was illegally imported if he knew of its presence.

Thus, in the circumstances of this case, proof of knowing possession, which was required before the jury could draw the statutory inference of guilt, established the elements of the offense without reference to the inference. The instruction was therefore functionless, and "harmless beyond a reasonable doubt."

This is unlike the situation in Leary. There the government advanced two theories to support the charge, one of which required reliance upon the statutory inference:

"Under the first or 'South-North' theory, a conviction could have been

---

* "Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury."

The substantive offense is defined in the following terms:

"[W]hoever, knowingly, with intent to defraud the United States, imports * * * marihuana contrary to law * * * knowing the same to have been imported * * * contrary to law * * * shall be imprisoned * * *."

based solely upon petitioner's own testimony that the marihuana had been brought back from Mexico into the United States and that with knowledge of that fact petitioner had continued to transport it. Under the second or 'North-South' theory, the conviction would have depended partly upon petitioner's testimony that he had transported the marihuana from New York to Texas and partly upon the challenged presumption." 395 U. S. at 31, 89 S.Ct. at 1545.

Defendant also attacks his conviction under 18 U.S.C. § 545, but since the sentence on that conviction is concurrent with his conviction under 21 U. S.C. § 176a, we do not consider the alleged error. Pasterchik v. United States, 400 F.2d 696, 702 (9th Cir. 1968).

Affirmed.