Ramiro **PLASCENCIA–PLASCENCIA,**
Defendant-Appellant,

v.

**UNITED STATES of America,**
Plaintiff-Appellee.

No. 23699.

United States Court of Appeals,
Ninth Circuit.

March 25, 1970.

Rehearing Denied May 5, 1970.

Alexander Brainerd (argued), of Bronson, Bronson & McKinnon, Victor Bacigalupi, San Francisco, Cal., for appellant.

Lawrence E. Turoff (argued), Asst. U. S. Atty., Edward E. Davis, U. S. Atty., Phoenix, Ariz., for appellee.

---

Before CHAMBERS and BROWNING, Circuit Judges, and BYRNE,* District Judge.

BYRNE, District Judge:

The appellant entered the United States on April 30, 1968, at San Luis, Arizona, driving a Ford automobile. He gave a negative reply to the usual questions as to whether he had any merchandise to declare. A search of the vehicle revealed 152 kilograms of marijuana. Appellant denied knowing that the marijuana was in the car. He claimed to have borrowed the car from a friend.

The indictment charged that the appellant did, with intent to defraud the United States of America, knowingly and unlawfully smuggle and bring into the United States, contrary to law approximately 152 kilos of marijuana, in violation of Title 21, Section 176a of the United States Code.

The appellant and the government are in substantial agreement that the only issue before this court is whether the inclusion in instructions to the jury of the presumption from § 176a relating to the knowledge of illegal importation, held unconstitutional in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), requires reversal of appellant's conviction. We hold that it does not.

This court recently held in United States v. Scott, 425 F.2d 55, decided March 6, 1970, that the decision in Leary partially invalidating the presumption is fully retroactive. The court further held that Scott's failure to except to the instruction embodying the presumption did not foreclose him from claiming error in the instruction. The court found there was a conflict in the evidence relating to Scott's knowledge of illegal importation and, therefore, could not conclude that the error was harmless beyond a reasonable doubt.

Unlike Scott, this was a smuggling case and the discovery of the marijuana established the very fact of illegal importation (Witt v. United States, 413 F.2d 303 (CA 9)), and the giving of the instruction under the circumstances of this case was harmless beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The appellant argues, "At trial, the appellant vehemently asserted that until the customs officials discovered the marijuana in the trunk of his car, he had no knowledge of its existence. This disavowal of any knowledge regarding possession of marijuana established the only issue actually before the jury at time of trial * * *". He, of course, is right. His knowledge of the existence of the marijuana in the car was the only issue before the jury. But that is not the knowledge with which the Leary court was concerned. The presumption does not relate to knowledge of the existence of marijuana—it relates to the knowledge of illegal importation.

The discovery of undeclared marijuana in a car crossing the border establishes the illegal importation. The appellant does not dispute that it was marijuana, nor does he contend it was being legally imported. He asserts he had no knowledge of its existence. The court properly instructed the jury, "A person who knowingly has direct physical control over a thing at a given time is then in actual possession of it". (Emphasis supplied)

If the jury believed his statement that he had no knowledge of the existence of the marijuana, he would have been found not guilty, as he would not legally have had possession even though it was being illegally imported in the car he was driving. The jury did not believe him and he was found guilty.

Affirmed.

* Honorable William M. Byrne, United States Senior District Judge, Central District of California, sitting by designation.