UNITED STATES of America,
Plaintiff-Appellee,

v.

Michael Dominic MAHONEY, Defendant-
Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Charles Clarence GARCIA, Defendant-
Appellant.

Nos. 23454, 23553.

United States Court of Appeals,
Ninth Circuit.

May 12, 1970.

Michael A. Bosco, Phoenix, Ariz., for Mahoney.

George T. Davis, San Francisco, Cal., for Garcia.

Richard K. Burke, U. S. Atty., Lawrence Turoff, Asst. Atty., Phoenix, Ariz., for appellees.

Before CHAMBERS, MERRILL and ELY, Circuit Judges.

MERRILL, Circuit Judge:

Appellants, together with three codefendants (one Arellano, one Lewis and one Cortez), were indicted in two counts for conspiracy to smuggle marijuana and for smuggling 93 kilos of Marijuana on November 30, 1967, in violation of 21 U.S.C. § 176a. The trials of codefendants Lewis and Cortez were severed to permit them to testify as Government witnesses. Following jury trial appellant Garcia was convicted on both counts; appellant Mahoney was convicted only on the conspiracy count.

The facts of the conspiracy were given in detail by Lewis. In the light of the errors assigned on this appeal we have, in the margin, set forth those facts as well as the circumstances under which evidence was obtained in the search of a Mustang automobile and its occupants.[1]

---

1. The scheme originated with Garcia, who enlisted Lewis's help. They drove from the San Francisco Bay Area to Mexico, where Garcia made the necessary arrangements with Arellano. They then returned to the Bay Area, where Lewis enlisted Mahoney's assistance for the purpose of driving the "load" car back from Arizona to the Bay Area. He was promised $200 for the trip. Garcia, Lewis and Mahoney then drove to Yuma, Arizona, in Lewis's Dodge station wagon. Mahoney was left to wait at a Yuma motel where he was registered as "Mike Russell." Garcia and Lewis crossed the border in the Dodge to make final arrangements with Arellano.

In the meantime an informant had tipped off customs agents as to the forthcoming smuggling attempt. Both Arellano and Garcia were known to the agents as narcotics violators. Lewis and Garcia were observed at Arellano's home and in Arellano's company. The Dodge also was observed as was a Cadillac parked at the Arellano home. Later, Lewis drove the Dodge back to Yuma. Mahoney then drove him to the airport where Lewis

On appeal the principal question is the admissibility in evidence of the items found in the Mustang and on its occupants at the time of the search at the port of entry. Appellants contend that the search and seizure were not reasonable and that their motion to suppress should have been granted. The Government contends that the search was justified as a border search.

■■ Since the stop for search was made away from the border the question presents problems similar to those dealt with in Alexander v. United States, 362 F.2d 379, 382 (9th Cir), cert. denied, 385 U.S. 977, 87 S.Ct. 519, 17 L.Ed.2d 439 (1966), where it was stated:

"Where, however, a search for contraband by Customs officers is not made at or in the immediate vicinity of the point of international border crossing, the legality of the search must be tested by a determination whether the totality of the surrounding circumstances, including the time and distance elapsed as well as the manner and extent of surveillance, are such as to convince the fact finder with reasonable certainty that any contraband which might be found in or on the vehicle at the time of search was abroad the vehicle at the time of entry into the jurisdiction of the United States. Any search * * * which meets this test is properly called a 'border search.' "

In our judgment the facts here meet the standards there set forth. See also King v. United States, 348 F.2d 814 (9th Cir.), cert. denied, 382 U.S. 926, 86 S.Ct. 314, 15 L.Ed.2d 339 (1965); Rodriguez-Gonzalez v. United States, 378 F.2d 256 (9th Cir. 1967). Mere suspicion of illegal activity is sufficient to sustain a search at the border, and certainly there was ample ground for suspicion in this case. We conclude that it was not error to deny appellants' motion to suppress.

Other assignments of error we find to be without merit.

■ There was ample evidence to support Mahoney's conviction. Lewis's testimony was corroborated by the presence of the Dodge station wagon at the Yuma motel, Mahoney's presence at the motel and his registration there under an alias.

■ Introduction of marijuana debris recovered from Arellano's jacket, was if

rented a Mustang. Lewis crossed into Mexico in the Mustang while Mahoney returned to the motel in the Dodge. The informant tipped off the customs agents as to the presence of the Mustang. On November 30, the customs agents at the border were on the lookout for Arellano, Garcia and Lewis and for both the Cadillac and the Mustang.

The Cadillac crossed first, driven by Cortez, who had been paid $25 for the trip. The car was stopped and searched and the 93 kilos of marijuana were recovered. While the agents were questioning Cortez the Mustang crossed, occupied by Arellano and Lewis. It was (apparently inadvertently) passed without search. Garcia, a few minutes earlier, had entered on foot and had been searched and passed. He was observed to waive to the occupants of the Mustang when it entered.

The guards questioning Cortez were informed of the fact that the Mustang and Garcia had entered. They broke off their questioning and one of them took off in pursuit. He quickly caught up with Garcia and saw him enter the Mustang, then parked in front of a restaurant. The agent returned for his companion and called the sheriff's office to put a stop on the Mustang. The two customs agents then followed the Mustang, having it either in sight or nearly in sight. The Mustang eventually was stopped by the sheriff's officers thirteen miles from the border and was held until the customs agents caught up. Arellano, Lewis and Garcia were then returned to the port of entry and the Mustang was driven back by one of the customs agents. At the port of entry the three codefendants and the car were searched. No contraband was found, but evidence connecting the car and occupants with the Cadillac was recovered: four screws from the Cadillac's side panels, a jack and two hubcaps. Also found was a slip of paper containing the telephone number of the Yuma motel where Mahoney was awaiting word. The customs officers then proceeded to the motel, found and seized the Dodge station wagon and arrested Mahoney.

**661**

irrelevant, not prejudicial. Sufficient chain of custody of the jacket was shown to render it competent.

 Admission of the marijuana debris did not render the verdict void for uncertainty. The guilt found related to the offense charged in the indictment: that of smuggling the 93 kilos. Plazola v. United States, 291 F.2d 56 (9th Cir. 1961), is inapposite.

 Reference by a customs agent in cross-examination by Arellano's counsel as to "other cases" in which Arellano may have been involved was not prejudicial to these appellants.

It was not abuse of discretion to deny appellants' motion for severance of trial. Daut v. United States, 405 F.2d 312 (9th Cir. 1968). Nor do we find more than the usual prejudice that results from a joint trial.

One final assignment of error does, however, require reversal as to Mahoney.

 In this case the jury was instructed that from unexplained possession of marijuana a presumption may be drawn that the fact of importation was known. Since trial of this case, the United States Supreme Court, in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), has established that the giving of that instruction was error. *Leary* applies to this case under our recent holding in United States v. Scott, 425 F.2d 55 (9th Cir. 1970).

Since the facts establishing smuggling (necessarily found by the jury) bespoke actual knowledge of importation, the giving of the presumption instruction was harmless error beyond a reasonable doubt as regards Garcia's conviction for smuggling. United States v. Pyle, 424 F.2d 1013 (9th Cir. 1970); United States v. Simon, 424 F.2d 1049 (9th Cir. 1970); Plascencia-Plascencia v. United States, 423 F.2d 803 (9th Cir. 1970); *cf.* Turner v. United States, 396 U.S. 398, 420–421, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). Like reasoning also renders harmless any error affecting Garcia's conviction for conspiracy.

Mahoney's situation is different, however. He was not apprehended in the act of crossing the border. Proof of his knowledge that the marijuana, the subject of the conspiracy, was to be imported rests on the testimony of Lewis and the jury was presented with a question of credibility. Under these circumstances we cannot say beyond a reasonable doubt that the presumption did not affect the jury's determination that Mahoney had knowledge that the conspiracy involved importation.

As to appellant Garcia, judgment affirmed. As to appellant Mahoney, reversed and remanded for new trial.

CHAMBERS, Circuit Judge (dissenting):

I dissent as to the reversal of the conviction of the appellant Mahoney. In my view, the error was clearly harmless.