Herbert Charles **PETLEY**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23879.**

United States Court of Appeals,
Ninth Circuit.

June 5, 1970.

Hugh R. Manes (argued), of Stewart, Finkel & Manes, Los Angeles, Cal., for appellant.

Henry J. Novak, Jr. (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Chief, Criminal Division, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY and CARTER, Circuit Judge, and CROCKER,* District Judge.

**JAMES M. CARTER, Circuit Judge:**

Appellant was charged with knowingly receiving, concealing and facilitating the transportation and concealment of hashish (refined marihuana) which he knew had been imported into the United States contrary to law. 21 U.S.C. § 176a. He was found guilty and sentenced to five years and six months in prison. On appeal he raises the following contentions:

(1) That it was error to instruct the jury under the provisions of 21 U.S.C. § 176a;

(2) That he was convicted of a charge neither made nor proved against him, namely importation of marihuana, and that the court's instructions based on the statute were confusing, ambiguous and misleading;

(3) That there was insufficient evidence as to knowing possession of the contraband;

(4) That a briar pipe containing marihuana residue was improperly received into evidence; and

(5) That he was denied a fair trial as a result of improper cross examination.

In May 1968, appellant and his wife departed on a trip which took them to India, Japan and Hawaii before returning to Los Angeles. On or about June 25, 1968, they left Tokyo for Hawaii. Upon arrival in Honolulu the following morning they discovered that some of their baggage had not arrived. They filed a missing baggage report with the airline and then registered at the International Inn. Mrs. Petley made several calls to the airline that afternoon inquiring about the baggage. She was told that it would be coming in on a flight that evening. In a final call, Mrs. Petley requested that the baggage be forwarded on to Los Angeles. She and appellant then left Honolulu for Los Angeles on a midnight flight. When the baggage arrived in Honolulu it was bonded and sent to Los Angeles.

---

* Honorable M. D. Crocker, District Judge, Eastern District of California, sitting by designation.

On June 27, 1968, appellant arrived at the Los Angeles International Airport to claim the baggage. When a customs inspector began going through the bags appellant asked why they were being inspected. The inspector told him that since the bags had been shipped in bond from Honolulu they had not gone through customs; therefore the baggage had to be inspected in Los Angeles prior to being released. One of the bags inspected was a large Navy-type duffle bag. It was about three feet tall and was neatly packed. The inspector had unpacked approximately two-thirds of the bag's contents when he found a plastic bag containing what turned out to be hashish. The plastic bag was wrapped in a white brocaded cloth, and when it was removed appellant spontaneously remarked that he had never seen it before and asked what it was. At the bottom of the duffle bag was a lady's housecoat. The housecoat was wrapped around a burlap sack in which was located another plastic bag containing hashish. After being advised of his rights, appellant conceded that the brocaded cloth was owned by him and his wife. Also, when shown a briar pipe which had been removed from the duffle bag, and asked what he smoked in it, appellant replied "Tobacco." The pipe contained a heavy residue of marihuana resin.

At the trial appellant was the only witness in his behalf. He testified, inter alia, that the pipe had been given to him by an American he met in Bombay, and he denied ever smoking it. He also denied any knowledge that the hashish was in the duffle bag. At the close of the trial the court instructed the jury and included in its instructions the presumption contained in § 176a.

I

THE INSTRUCTION UNDER § 176a WAS HARMLESS ERROR

Appellant contends that he was denied due process, in violation of the Fifth Amendment, as a result of the court's instruction under § 176a. The court instructed the jury that illegal importation, and appellant's knowledge thereof, could be inferred from appellant's "knowing possession of the hashish."

The precise instruction was,

"In order to find the defendant guilty in this case you must find that he had knowing possession of the hashish in question. Possession means the exercise of dominion and control."

■ The inference of knowledge of illegal importation under 21 U.S.C. § 176a was of course, held unconstitutional in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). However, an instruction containing such an inference does not necessitate a reversal in every case. As this court pointed out in United States v. Scott (9 Cir. 3/6/70) 425 F.2d 55, reversal is not necessary if the "instruction under the circumstances * * * was harmless beyond a reasonable doubt." Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ In the instant case a finding by the jury that appellant knowingly possessed the hashish would, *ipso facto*, establish appellant's knowledge of the illegal importation since it was appellant himself who was attempting to bring the hashish into the United States. Therefore, the instruction as to the inference is obviously innocuous. As we stated in United States v. Simon, 424 F.2d 1049 (9 Cir. 3/30/70) "[P]roof of knowing possession, * * * establish the elements of the offense without reference to the inference. The instruction was therefore functionless, and 'harmless beyond a reasonable doubt.'" See also Plascencia-Plascencia v. United States, 423 F.2d 803 (9 Cir. 3/25/70); United States v. Pyle, 424 F.2d 1013 (9 Cir. 4/3/70); United States v. Mahoney and Garcia, 427 F.2d 658 (9 Cir. 5/12/70).

## II

### APPELLANT WAS TRIED ON THE CHARGE CONTAINED IN THE INDICTMENT AND THE COURT'S INSTRUCTIONS WERE PROPER

█ Appellant also alleges a denial of due process in that he was convicted of a charge neither made nor proved. He contends that, while he was charged with receiving, concealing and facilitating the transportation and concealment of marihuana after importation, he was actually tried and convicted on the theory of smuggling. This contention is based on appellant's argument that he engaged in no conduct after importation which could be construed as receiving, concealing or facilitating. We disagree. The marihuana was illegally imported when it arrived at Honolulu International Airport, and appellant facilitated its transportation when he claimed his baggage at the Los Angeles International Airport. Pon Wing Quong v. United States, 111 F.2d 751 (9 Cir. 1940). Such facilitation, following the illegal importation, was sufficient to convict appellant on the charge for which he was indicted.

We next consider the proof on the allegation that the importation was contrary to law. 18 U.S.C. § 545, the section on which 176a is based, also prohibits smuggling and importation contrary to law. This court has previously considered cases concerning importations "contrary to law" from contiguous foreign countries, under both 18 U.S.C. § 545 and 21 U.S.C. § 176a. Generally reliance has been placed on Title 19, §§ 1461, 1484, 1485 and 1459 to show the importation was "contrary to law." In Current v. United States (9 Cir. 1961) 287 F.2d 268, reliance was placed on 19 U.S.C. § 1461 requiring all baggage to be unladen in the presence of a customs officer and be inspected by a customs officer.

However, 19 U.S.C. § 1459 and § 1461, by their express terms are confined to merchandise imported from any "contiguous country." In our case we have an importation from Japan, so that the sections above do not pertain.

There are various sections however, which do apply to importations from foreign countries that are not contiguous. 19 U.S.C. § 1498 authorizes the Secretary of the Treasury to prescribe rules and regulations for the declaration and entry of "6. Articles carried on the person or contained in the baggage of a person arriving in the United States * * *". Likewise, 19 U.S.C. § 1624 provides for rules and regulations pursuant to the authority contained in the above sections. The Secretary prescribed, by regulations set forth in 19 CFR § 10.19 the following: "Declaration and entry—(a) Declaration required. All articles brought into the United States by any individual shall be declared to a customs officer." 19 U.S. C. § 1496 provides for the examination of baggage to ascertain whether articles are subject to duty, duty free or prohibited, notwithstanding the fact that a declaration and entry therefor have been made. 19 U.S.C. § 1497 provides: "Any article not included in the declaration and entry as made, and, before examination of the baggage was begun, not mentioned in writing by such person, if written declaration and entry was required, or orally if written declaration and entry was not required, shall be subject to forfeiture * * *". Leiser v. United States (1 Cir. 1956) 234 F.2d 648, cert. denied 352 U.S. 893, 77 S.Ct. 133, 1 L.Ed.2d 87, considered these sections and regulations and found them applicable to importation of merchandise from a non-contiguous foreign country where there was a failure to declare.

█ The statutes and regulations discussed above and the *Leiser* case, show that there was sufficient proof of importation contrary to law. The records show that appellant did not declare the marihuana to the customs officers and instead, inferentially tried to talk the customs officer at the Los Angeles airport out of inspecting the baggage on the ground that it had been inspected in Honolulu. Since under 19 U.S.C. § 1497,

neither a written nor oral declaration was made before the examination of the baggage was begun, the marihuana was subject to forfeiture. Thus, there was clearly proof of importation "contrary to law."

Appellant also challenges certain instructions given to the jury as being confusing, ambiguous, misleading and inconsistent with the offense charged. This is in substance a continuation of appellant's earlier contention that he was tried on a charge not contained in the indictment. We find no error in the instructions. Moreover, since no objection was raised in the trial court, this claim cannot now be reached on appeal. Rule 30 F.R.Crim.P.

### III

### THE EVIDENCE WAS SUFFICIENT TO SUPPORT THE CONVICTION

Next appellant argues that he was deprived of due process by reason of being convicted on insufficient evidence. He specifically challenges the sufficiency of the evidence with respect to his "knowing possession" of the marihuana.

The word "possession" as used in § 176a, embraces both actual and constructive possession. Quiles v. United States, 344 F.2d 490 (9 Cir. 1965). In the instant case, though the duffle bag was in the "protective custody" of the airline from Honolulu to Los Angeles, appellant maintained sufficient dominion and control over the bag to constitute constructive possession. Furthermore, there is sufficient evidence in the record to support the conclusion that appellant knew the marihuana was in the bag. First, appellant owned the bag. Second, appellant was the last person known to have packed the bag. Third, there was no evidence that the bag had been tampered with in any way.

Fourth, one of appellant's pipes, also found in the duffle bag, contained a residue of marihuana resin. Fifth, appellant spontaneously denied knowledge of the brocaded cloth—even prior to the discovery of the marihuana contained therein—when it was removed from the duffle bag by the inspector, but he subsequently admitted that the brocaded cloth was his and his wife's. This evidence was sufficient to support a finding of "knowing possession", and under the circumstances of this case, was also sufficient to sustain the conviction.

### IV

### THE PIPE WAS PROPERLY ADMITTED INTO EVIDENCE

Appellant also challenges the admission into evidence of the briar pipe. When the pipe was offered in evidence appellant objected on the ground of relevancy. The objection was overruled. Consideration of the record indicates that the trial court's ruling was a proper one. The possession of the pipe, with its marihuana residue, was clearly relevant on the issue of appellant's knowledge and intent, as circumstantial evidence tending to prove that appellant smoked marihuana and knew that the marihuana in question was in his duffle bag. In his briefs however, appellant argues that the court erred in failing to instruct the jury as to the limited purpose for which the pipe could be admitted. We find no error in this regard as appellant neither requested such a limiting instruction nor objected to its omission.

Finally, appellant argues that he was deprived of a fair trial by the alleged misconduct of the government in cross-examining him. We found no such misconduct.

Affirmed.