Miguel CURA, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. No. 70–51–AAH.

United States District Court,
C. D. California.

Aug. 7, 1970.

Miguel Cura, in pro. per.

Robert L. Meyer, U. S. Atty., David R. Nissen, Asst. U. S. Atty., Chief, Criminal Division, Gregory E. Fischbach, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

HAUK, District Judge.

ORDER GRANTING MOTION TO VACATE AND SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. § 2255

Petitioner was found guilty by a jury in the Southern District of California, Central Division (now Central District of California), Crim. No. 32053, of one count of selling marihuana and one count of receiving, concealing and facilitating the transportation and concealment of marihuana, both in violation of 21 U.S.C. § 176a (1961). On July 1, 1963, Petitioner was sentenced on both counts to seven year concurrent sentences. The judgment was affirmed by the Ninth Circuit, Enriquez v. United States, 338 F.2d 165 (9th Cir. 1964), and the United States Supreme Court denied certiorari, Cura v. United States, 380 U.S. 957, 85 S.Ct. 1095, 13 L.Ed.2d 973 (1965). Petitioner is presently incarcerated at the United States Penitentiary at Atlanta, Georgia.

Petitioner alleges that his conviction and sentence are invalid because the trial court employed the "knowledge of importation" presumption contained in 21 U.S.C. § 176a (1961) that was declared invalid by the United States Supreme Court in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). Further, Petitioner alleges that the trial judge commented adversely upon Petitioner's failure to testify on his own behalf.

After reviewing the Motion to Vacate and Set Aside Sentence, the Response, the Traverse, the Supplementary Response the Reply to the Supplementary Response, the points and authorities set forth by the parties, and the two volumes of Reporter's Transcript in Crim. No. 32053, this Court is fully advised in the premises and thus orders that the Motion be granted for the following reasons.

The United States Supreme Court has not decided whether to give retroactive effect to its recent decision in Leary, but the Ninth Circuit Court of Appeals

has concluded that the *Leary* decision partially invalidating the presumption found in Section 176a is fully retroactive. United States v. Scott, 425 F.2d 55 (9th Cir. 1970). In *Scott,* the Court held that the claimed error in the jury instructions was not waived by the defendant even though there was no exception taken to the Constitutionally invalid instruction. The error was not waived because there was a "solid wall of circuit court authority" sustaining the presumption against constitutional attack. The Ninth Circuit in *Scott* then held:

"Because Scott's case was submitted to the jury on alternative theories, one of which was the constitutionally invalid presumption, the conviction must be set aside, unless the giving of the instruction under the circumstances of this case was harmless beyond a reasonable doubt. (Harrington v. California (1969) 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284; Chapman v. California (1967) 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.)" (footnote omitted). 425 F.2d at 59.

The Ninth Circuit reversed the conviction in *Scott* because the Court could not conclude that the error was harmless beyond a reasonable doubt. Independent of the Section 176a presumption, the evidence of Scott's knowledge of illegal importation was that Scott had told a Federal Narcotics Agent that he had a Mexican source for marihuana, and the testimony of an expert that he believed the marihuana had come from Mexico.

In several recent cases, the Ninth Circuit has found that the giving of a jury instruction based on the "knowledge of importation" presumption contained in 21 U.S.C. § 176a is harmless error. Feldstein v. United States, 429 F.2d 1092 (9th Cir., June 22, 1970); Petley v. United States, 427 F.2d 1101 (9th Cir., June 5, 1970); United States v. Simon, 424 F.2d 1049 (9th Cir. 1970); and Plascencia-Plascencia v. United States, 423 F.2d 803 (9th Cir. 1970). However, unlike *Scott,* each of these cases involves appellant himself or appellant aiding and abetting another to smuggle marihuana across the border from Mexico to the United States.

In the present case, the trial judge read the Section 176a knowledge of importation presumption to the jury. (R.T. p. 342), and he explained to the jury that the statute made it unnecessary for the Government to offer any evidence to show that the defendant had knowledge of unlawful importation if the Government proves that the defendant was in constructive or actual possession of the marihuana. (R.T. 344.) The evidence of Petitioner's knowledge was not overwhelming and there was no showing that Petitioner participated in any way with smuggling marihuana across the United States-Mexican border. Petitioner's co-defendant had told a Deputy Sheriff that some of the marihuana involved in the transactions came from "Santo Domingo, near Cuba" (R.T. 84), and there was testimony that the masking tape that was used on some of the boxes containing marihuana was obtained from "Macons" in Tijuana, Mexico. (R.T. 204-5). In his closing argument, counsel for the Government gave a clear summary of the evidence of knowledge of illegal importation:

"Now, you may want to ask—where is the evidence of illegal importation?

Of course, there is some in Mr. Garberson's testimony about the tracing of the mastic tape which appeared on the exhibits. It was traced to Macon's, at Tia Juana[sic], which is in Mexico. Now, that does not conclusively show that the marihuana was obtained down there. All it shows is that the masking tape must have been put on down there, and it raises an inference that the marihuana was also probably there.

But is there any other evidence of illegal importation of which the defendants knew? Yes, there is a presumption of importation, based on possession. If it is shown the defendant is in possession of the marihuana, then, from the fact of possession, will

144

arise a presumption." (R.T. pp 297–298)

In view of the lack of evidence that Petitioner knew that the marihuana had been illegally imported into the United States, this Court can not conclude that the trial court's error in giving the unconstitutional instruction is harmless beyond a reasonable doubt. Consequently, this Court must grant Petitioner's Motion to Vacate and Set Aside Sentence and grant Petitioner a new trial. In view of our disposition of this case, it is not necessary for us to consider Petitioner's other contention that the trial judge commented adversely on Petitioner's failure to take the witness stand.

Therefore, it is hereby ordered that the Motion to Vacate and Set Aside Sentence pursuant to 28 U.S.C. § 2255 be, and the same is, granted; and further, that Petitioner be given a new trial within sixty days, the Clerk of this Court to set the matter for new trial within that time and to notify all parties and counsel thereof.