**GOVERNMENT OF THE VIRGIN ISLANDS**

v.

**EUGENE H. SMITH, d/b/a SMITTY'S MECHANICAL AND RENTAL, Appellant**

No. 19,292

United States Court of Appeals

Third Circuit

Argued January 25, 1971

Decided June 30, 1971

*See, also, 445 F.2d 1089*

ALEXANDER A. FARRELLY, ESQ. (BIRCH, DEJONGH & FARRELLY), Charlotte Amalie, St. Thomas, V.I., *for appellant*

PETER O'DEA, ESQ., Attorney General, Charlotte Amalie, St. Thomas, V.I., *for appellee*

Before KALODNER, FREEDMAN* and ADAMS, *Circuit Judges*

OPINION OF THE COURT

KALODNER, *Circuit Judge*

On September 4, 1968, the Municipal Court of the Virgin Islands,[1] following trial, found the defendant Eugene H. Smith not guilty on amended Criminal Complaint No. 1307-1967 which charged Smith "did wilfully and unlawfully fail to file reports and pay gross receipts taxes for the

---

* Judge Freedman participated in the hearing and consideration of this appeal but died before decision.

[1] Division of St. Thomas and St. John.

period January 1966 up to and including June 1968", in violation of 31 V.I.C. §§ 43, 44 and 53.

In acquitting Smith, the trial judge specifically ruled in a Judgment[2] entered January 17, 1969, that Smith was subject to the provisions of the tax statutes but that the evidence failed to establish wilful and unlawful failure to comply with them.

On May 21, 1969—some nine months following his acquittal—Smith was again brought to trial on Criminal Case No. 661-1969 which charged him with wilful and unlawful failure "to file reports and pay Gross Receipts Taxes

[2] The January 17, 1969 Judgment reads as follows:

"IN THE MUNICIPAL COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| GOVERNMENT OF THE VIRGIN ISLANDS ) Plaintiff | ) CRIMINAL NO. 1307-1967 |
| vs. | ) |
| EUGENE H. SMITH DBA SMITTY'S MECHANICAL & RENTAL | ) COMPLAINT-SUMMONS |
| | ) 33 V.I.C. 43, 44, 53 |
| Defendant | ) |

JUDGMENT

THIS ACTION came on regularly for a hearing before the Court on the 4th day of September, 1968, Government of the Virgin Islands represented by Eileen R. Petersen, Assistant Attorney General and Alexander A. Farrelly, Esq., appearing as attorney for the defendant, and evidence was introduced on behalf of the respective parties and the cause was thereupon submitted to the Court for its consideration and decision and from the evidence introduced, and the Court being duly advised in the premises, it is now, therefore,

ADJUDGED, DETERMINED and DECREED that *the defendant is not guilty of wilfully and unlawfully failing to file and pay Gross Receipts taxes for the period January 1966 up to and including June, 1968;* and it is further

ADJUDGED, DETERMINED and DECREED that the defendant is liable to pay Gross Receipts taxes under 33 V.I.C. 43(a) for the period January 1966, up to and including June, 1968. (emphasis supplied.)

DONE at Charlotte Amalie this 17 day of January, 1969.

Cyril Michael
Judge"

for the period January 1968 up to & including February 1969" in violation of 33 V.I.C. §§ 43, 44 and 53. The case was tried, by stipulation of counsel, on the record adduced at the September 4, 1968 trial. Smith was found guilty on this second trial of "wilful and unlawful" failure to report and pay gross receipts taxes for the period January 1968 to February 1969 as charged in Criminal Case No. 661-1969 and fined $50.00 in a Judgment[3] entered by the

---

[3] The May 21, 1969 Judgment reads as follows:

"IN THE MUNICIPAL COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | | |
|---|---|---|
| GOVERNMENT OF THE VIRGIN ISLANDS | ) | |
| | ) | |
| Plaintiff | ) | Vio. of Title 33, Sections, |
| vs. | ) | 43, 44, 53 of the V.I.C. |
| Eugene Smith d/b/a Smitty's | ) | Criminal Case No. 661/69 |
| Mechanical and Rental | ) | |
| Defendant | ) | |

JUDGMENT

"This case having come on to be heard on the 21st day of May, 1969 and the defendant appearing in his own proper person and with his counsel Alexander A. Farrelly, Esquire, the Government of Virgin Islands appearing by Asst. Atty. General Edwin Armstrong, and the Defendant having been previously arraigned and having entered a plea of NOT GUILTY, and counsel for both parties having stipulated in open court that the testimony of the witnesses of both parties in this case would be similar to that submitted in the case of The Government of the Virgin Islands vs. Eugene H. Smith d/b/a Smitty's Mechanical and Rental, Criminal No. 1307-1967, 33 V.I.C. 43, 44, and 53, which was tried in this court on the 4th day of September, 1968, in which the court found the defendant NOT GUILTY of having wilfully and unlawfully failed to file and pay Gross Receipt taxes for the period January 1966 up to and including June, 1968, but was liable to pay taxes due for the said period and entered Judgment in the case accordingly, and that upon the record of said case the court may enter Judgment in this case; and the defendant now having been charged with a similar offense, having failed to file and pay Gross Receipt taxes, the court finds the said non-filing and non-payment to be wilful and unlawful, and being fully advised and satisfied in the premises, finds the defendant GUILTY of the crime charged.

"NOW THEREFORE, IT is ORDERED, ADJUDGED and DECREED that the Defendant, Eugene Smith be sentenced to pay a fine of $50.00

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Judgment be entered forthwith, that the same be carried out and executed, and that this Judgment shall be sufficient for holding of the said Defendant, Eugene Smith in custody for the service of said judgment and sentence.

"Dated: May 21, 1969

/s/ Cyril Michael—
Presiding—Judge of the Mun. Ct."

Municipal Court on May 21, 1969. On June 5, 1969 Smith appealed this Judgment to the District Court of the Virgin Islands, Division of St. Thomas and St. John. That Court affirmed the Municipal Court's Judgment of May 21, 1969 in an Order[4] dated and entered July 28, 1970. The instant appeal followed.

Smith contends here, singly and solely, as he did in the Virgin Islands courts, that the mechanical and rental business which he conducts derives its income from services and skills performed by him on a personal and individual basis, and accordingly he is not subject to the Virgin Islands gross receipts tax under the exemption clause of 33

---

[4] The District Court's Order reads as follows:

"IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| GOVERNMENT OF THE VIRGIN ISLANDS ) Plaintiff ) vs. ) EUGENE H. SMITH, d/b/a ) SMITTY'S ) MECHANICAL AND RENTAL ) Defendant ) | CRIMINAL NO. 77-1969 |

ORDER

"The Court, having considered the appeal in the above-styled cause, the oral argument of the parties as well as the memoranda of law submitted, and the Court having examined the transcript of the testimony below and being satisfied that the findings of the Municipal Court are not clearly erroneous, but are rather supported by sufficient evidence,

"IT IS ORDERED, AND ADJUDGED, that the judgment of the Municipal Court be and the same is hereby affirmed.

Dated: July 28, 1970
ATTEST:

Almeric L. Christian
Chief Judge

·Leo Penha

Clerk of Court

V.I.C. § 43(a)[5] which provides that the gross receipts tax which the Section imposes "shall not apply to artisans, fishermen, tradesmen, or professionals . . . selling their skills or services on an individual and personal basis . . . ."

The evidence adduced at the trial established that Smith, in the conduct of "Smitty's Mechanical and Rental" business, (1) engaged in performing excavation, drilling and blasting operations in private and public road work, excavating cisterns, and clearing housing construction sites of rocks and debris; (2) in performing these tasks he employed no less than 13 men at any time and they included engineers, bulldozer and backhoe operators, mechanics, welders, foremen and unskilled labor; (3) he simultaneously worked on several separate jobs at any given time; and (4) he rented to others his bulldozers and other mechanical equipment and supplied their operating personnel.

The recited evidence supports (1) the Municipal Court's rejection of Smith's contention that he sold "his skills or services on an individual and personal basis" within the exemption clause of Section 43(a)[6]; and (2) its challenged finding that Smith was guilty of wilful and unlawful failure to report and pay the Gross Receipts Tax as charged in Criminal Case No. 661-1969, here involved. It may be noted, parenthetically, it is apparent that the Municipal Court in finding Smith guilty on May 21, 1969, of wilful and unlawful failure as charged in the cited Criminal Complaint, had in mind that in disposing of Criminal No.

[5] 33 V.I.C. § 43(a) reads in relevant part as follows:
 "(a) All persons engaged in business including those trading in articles, goods, merchandise, or commodities shall report their gross receipts and pay a tax of two percent on the gross receipts of such business . . . . This section shall not apply to artisans, fishermen, tradesmen, or professionals, such as are commonly understood to include doctors, lawyers, engineers, plumbers, electricians, barbers, etc., selling their skills or services on an individual and personal basis. . . ."
[6] Antilles Surveys, Inc. v. DeJongh, 358 F.2d 787 (3 Cir. 1966). See, too, The Virgin Islands Territorial Board of Realtors et al. v. Wheatley, 6 V.I. Reports 186 (1968).

1307-1967, on September 4, 1968, it had ruled that Smith was subject to the Gross Receipts Tax.

Despite our stated conclusions, we are, however, constrained to set aside the District Court's Judgment of July 28, 1970 affirming the Municipal Court's Judgment of conviction, on May 21, 1969 on Criminal Case No. 661-1969, for these reasons:

On September 4, 1968, the Municipal Court, following trial, found Smith not guilty of violation of the Gross Receipts taxes "for the period from January 1966 up to and including June 1968", as charged in Criminal No. 1307-1967.

On May 21, 1969, the Municipal Court found Smith guilty of violation of the Gross Receipts Tax "for the period January 1968 up to & including February 1969", as charged in Criminal Case No. 661-1969.

The sum of the foregoing is that after Smith was acquitted at his first trial of wilful and unlawful failure to comply with the Virgin Islands Gross Receipts Tax statutes "up to and including June 1968", he was convicted at his second trial of wilful and unlawful failure to comply with the stated taxes *up to and including June 1968*, inasmuch as the period of violation covered by the second trial extended from January 1968 to February 1969.

 In light of these circumstances, we are of the opinion that Smith's constitutional guarantees under the double jeopardy provisions of § 3 of the Virgin Islands Bill of Rights,[7] and of the Fifth Amendment to the Constitution of the United States, were violated.[8]

---

[7] The Virgin Islands "BILL OF RIGHTS," as enacted in the Virgin Islands Revised Organic Act of 1954, Vol. 1, V.I.C. provides in relevant part:
 "§ 3 [Rights and Prohibitions]
 "No person shall be held to answer for a criminal offense without due process of law, and *no persons for the same offense shall be twice put in jeopardy of punishment* . . .". (emphasis supplied).

[8] In Benton v. Maryland, 395 U.S. 784 (1969) it was held that ". . . the Double Jeopardy Clause of the Fifth Amendment is applicable to the

In Ashe v. Swenson, 397 U.S. 436, 443 (1970) it was specifically held that the Fifth Amendment embodies collateral estoppel as a constitutional requirement and that collateral estoppel ". . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."

In discussing the sweep of the Double Jeopardy clause of the Fifth Amendment the Court said at pages 445-446:

"For whatever else that constitutional guarantee may embrace, North Carolina v. Pearce, 395 U.S. 711, 717, it surely protects a man who has been acquitted from having to 'run the gantlet' a second time. Green v. United States, 355 U.S. 184, 190."

Here, Smith was required to "run the gantlet" a second time when, after he was acquitted of violation of the Virgin Islands Gross Receipts statutes, "for the period January 1966 *up to and including June 1968*", he was brought to trial and found guilty of violation of these statutes "for the period January 1968 up to and including February 1969", which, of course, embraced the period from January 1968 to the end of June 1968.

Smith's counsel inexplicably failed to assert as a bar against his second trial his patently available constitutional guarantees under the double jeopardy provisions of the Virgin Islands Bill of Rights, and the Fifth Amendment. He has further failed to do so on this appeal.

■ This Court, however, sua sponte, can take notice of obvious errors of constitutional dimension to which no exception has been taken below.

Rule 52(b), Fed. R. Crim. P. provides:

"Plain error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the Court".

States through the Fourteenth Amendment . . ."; 395 U.S. 787. We construe that holding to extend to the Virgin Islands as a Territory of the United States.

In Silber v. United States, 370 U.S. 717 (1962) the Court said (p. 718):

" 'In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, *of their own motion,* notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings.' United States v. Atkinson, 297 U.S. 157, 160. Our own rules provide that 'the court, at its option, may notice a plain error not presented.' Revised Rules of the Supreme Court of the United States, Rule 40(1)(d) (2). See also Fed. Rules Crim. Proc. 52(b)." (emphasis supplied).

In United States v. Indiviglio, 352 F.2d 276 (2 Cir. 1965), cert. den. 383 U.S. 907 (1966), it was said at page 280:

"Exercise of our power to notice even 'plain error,' in spite of the lack of proper objection below, is discretionary. On Lee v. United States, 343 U.S. 747, 750 n. 3, 72 S.Ct. 967, 96 L.Ed. 1270 (1952); see Lopez v. United States, 373 U.S. 427, 436–437, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963); Silber v. [United] States, 370 U.S. 717, 82 S.Ct. 1287, 8 L.Ed.2d 798 (1962). For example, even without the explicit permission of Rule 52(b), it is within our 'inherent power' to notice errors without objection 'if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings.' United States v. O'Connor, 237 F.2d 466, 472 (2d Cir. 1956), quoting United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936)." (footnote omitted).

We must note at this juncture that we are aware, of course, that courts of appeals of several other circuits have ruled that a defendant does not have the right to assert, on appeal, violation of a constitutional guarantee, where he had failed to do so at the trial level. In doing so, however, these courts have, nevertheless, proceeded to consider and decide the asserted constitutional guarantee claim.

Thus, in Estrella v. United States, 429 F.2d 397 (9 Cir. 1970), the Court, after ruling that consideration of the defendant's Fifth Amendment claim was foreclosed when it

was raised on appeal for the first time, nevertheless proceeded to consider and decide the claim, pursuant to the provisions of Rule 52(b), stating (p. 399):

"Where the error is plain, however, the issue could be reached on appeal."

To the same effect see Ferina v. United States, 340 F.2d 837, 838-839 (8 Cir. 1965).

What has been said brings us to our disposition of the instant appeal.

Since the record conclusively establishes that a plea of double jeopardy would operate to bar further trial, the judicial economy will be more effectively served by our setting aside the Order of the District Court of the Virgin Islands entered July 28, 1970, affirming the Judgment of the Municipal Court of the Virgin Islands in Criminal Case No. 661-1969, entered May 21, 1969, and remanding the cause to the District Court with directions to enter a judgment of acquittal.

We are authorized to make this disposition by Section 2106, 28 U.S.C.A., which provides:

"2106. Determination

"The Supreme Court *or any other court of appellate jurisdiction* may affirm, modify, vacate, set aside or reverse any judgment decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order or require such further proceedings to be had as may be just under the circumstances. June 25, 1948, c. 646, 62 Stat. 963." (emphasis supplied).

The record in the instant case establishes that such disposition is "just under the circumstances".

On this score, we direct attention to Grosso v. United States, 390 U.S. 62 (1968) where the Court gave effect to Section 2106 and set aside a conviction. In doing so the Court said in relevant part at pages 71-72:

"Under 28 U.S.C. § 2106 we have power to dispose of this case 'as may be just under the circumstances.' See Yates v. United

States, 354 U.S. 298, 327–331. Since . . . reversal of the conviction would be inevitable . . . , we consider that the entire case should now be finally disposed of at this level. In the special circumstances presented, this course seems to us to be dictated by considerations of sound judicial administration, in order to obviate further and entirely unnecessary proceedings below. Cf. Yates v. United States, supra." (footnotes omitted).[9]

There remains this to be said.

The docket entry of the Clerk of the District Court of the Virgin Islands, Division of St. Thomas and St. John, with respect to the Judgment of the Municipal Court rendered by that Court on May 21, 1969 in Criminal Case No. 661-1969, and affirmed by the Order of the District Court of the Virgin Islands of July 28, 1970, is patently erroneous.

The May 21, 1969 Judgment of the Municipal Court held the defendant Smith to be "GUILTY of the crime charged" in Criminal Case No. 661-1969, and the Order of the District Court dated July 28, 1970, affirmed that Judgment.

The Clerk of the District Court, however, made the following entry on the Docket with respect to the District Court's Order:

"July 28—Order affirming judgment of the Municipal Court, to wit, defendant is not guilty of wilfully and unlawfully failing to file and pay Gross Receipts taxes for the period January 1966 up to and including June, 1968, but defendant is liable to pay Gross Receipts taxes under 33 V.I.C. 43 (a) for the period January 1966, up to and including June, 1968, signed by Judge Almeric L. Christian."

This docket entry erroneously recites the Judgment of the Municipal Court in Criminal No. 1307-1967 which adjudged Smith "not guilty" of the charges presented in that case.

---

[9] See, too, Becton v. United States, 412 F.2d 1005, 1007 (8 Cir. 1969); Harris v. United States, 390 F.2d 616, 617 (8 Cir. 1968), where effect was given to the provisions of Section 2106.

Since the entry is patently erroneous we have chosen in the interest of judicial economy to dispose of the instant appeal on the basis of the Judgment of the Municipal Court dated January 17, 1969, and Order of the District Court, dated July 28, 1970, affirming that Judgment.

The Clerk of the District Court is directed to vacate its docket entry of July 28, 1970, and to make such entry in lieu thereof which will conform with the Judgment of the Municipal Court dated January 17, 1969 and the Order of the District Court dated July 28, 1970.

For the reasons stated, the Order of the District Court dated July 28, 1970, affirming the Judgment of the Municipal Court in Criminal Case No. 661-1969, dated January 17, 1969, will be set aside, and the cause remanded to the District Court with directions to enter a judgment of acquittal in accordance with this Opinion.