**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Francisco Martinez LIANTAUD,**
**Defendant-Appellant.**

**No. 71-2463.**

United States Court of Appeals,
Ninth Circuit.

Aug. 15, 1972.

David C. Marcus (argued), Los Angeles, for defendant-appellant.

Lyn I. Goldberg, Asst. U. S. Atty. (argued), Stephen G. Nelson, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before KOELSCH, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

This is an appeal from a denial of post-conviction relief, pursuant to 28 U.S.C. § 2255.[1]

Following a jury trial the appellant was convicted on three counts of a five-count indictment. Count One charged conspiracy to smuggle marijuana into the United States frcm Mexico; Count Two, aiding and abetting the smuggling of 317 pounds of marijuana into the United States; and Count Three, aiding and abetting the transportation of 317 pounds of illegally imported marijuana.

No evidentiary hearing was held. Neither party disagrees with the facts as stated by the trial court in its Order Denying Motion Pursuant to 28 U.S.C. § 2255 and Dismissing Action.

■ Appellant first complains about the instructions as given; he made no objection to them before the trial court. Generally, the claim of error under such circumstances is not well taken. Fed.R. Crim.P. 30; Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963); Banks v. United States, 258 F. 2d 318 (9th Cir. 1958).

We are urged, however, that the errors are of constitutional proportions and therefore should not be disregarded. Government of Virgin Islands v. Smith, 445 F.2d 1089, 1094 (3rd Cir. 1971); United States v. Bentvena, 319 F.2d 916, 940 (2nd Cir.), cert. denied, Ormento v. U. S., 375 U.S. 940, 84 S.Ct. 345, 346, 353, 354, 355, 360, 11 L.Ed.2d 271, 272; (1963). We find otherwise.

■ The argument, that the customs statutes charged to have been violated here are unconstitutional because they violate the Fifth Amendment privilege against self-incrimination, has been determined against appellant. Where the introduction of the contraband and its discovery is in the course of smuggling and a violation of 21 U.S.C. § 176a, the self-incrimination privilege does not apply. United States v. Salazar, 425 F.2d 1284 (9th Cir. 1970); United States v. Scott, 425 F.2d 55, 60 (9th Cir. 1970); Wynn v. United States, 422 F.2d 1245 (9th Cir. 1970).

■ Relying upon Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57 (1969), appellant contends that the court's instruction under 21 U.S.C. § 176a, which permitted an inference of unlawful importation and knowledge thereof from possession, is a violation of due process. Again the appellant misses the mark. The smuggling count was dismissed in *Leary*. 395 U.S. at 11, 89 S.Ct. 1532. Here the contraband was seized in the course of smuggling. It was unnecessary, therefore, to rely on an inference arising from possession.

Proof of the smuggling established the unlawful importation and the knowledge thereof beyond a reasonable doubt. United States v. Simon, 424 F.2d 1049 (9th Cir. 1970); Plascencia-Plascencia v. United States, 423 F.2d 803 (9th Cir. 1970).[2] The reference to the presumption was harmless beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ Although Liantaud was not the driver of the vehicle carrying the contraband, the evidence was clearly sufficient to prove that he was a part of the conspiracy to smuggle and that he aided and abetted in the venture and in the transportation of the marijuana. *See* Feldstein v. United States, 429 F. 2d 1092 (9th Cir.), cert. denied, 400 U.S.

---

1. Appellant filed a motion to vacate the sentence under Fed.R.Crim.P. 35, as well as a proceeding under 28 U.S.C. § 2255. When his Rule 35 motion was denied, he appealed, but as to the Section 2255 petition only. The trial court treated the appeal as a part of the Section 2255 petition and denied it. We consider the appeal here as one from a judgment denying relief under Section 2255, as do the parties.

2. Appellant's heavy reliance upon Vaccaro v. United States, 461 F.2d 626 (5th Cir., 1972) is misplaced. The decision does not help appellant.

920, 91 S.Ct. 174, 27 L.Ed.2d 159, rehearing denied, 400 U.S. 1002, 91 S.Ct. 452, 27 L.Ed.2d 454 (1970).

The judgment is affirmed.