UNITED STATES of America, Plaintiff-Appellee,

v.

Edwin J. SORKIN, Defendant-Appellant.

No. 265, Docket 26067.

United States Court of Appeals Second Circuit.

Argued Feb. 2, 1960.

Decided March 9, 1960.

---

Kevin Thomas Duffy, Asst. U. S. Atty., New York City (George I. Gordon, Asst. U. S. Atty., and S. Hazard Gillespie, Jr., U. S. Atty. for the Southern District of New York, New York City, on the brief), for plaintiff-appellee.

Jacob W. Friedman, New York City, for defendant-appellant.

Before MEDINA and WATERMAN, Circuit Judges, and MADDEN, Judge, United States Court of Claims.*

PER CURIAM.

Edwin J. Sorkin and his employer Minthorne International Co. Inc. were indicted for a violation of the false statement statute, 18 U.S.C. § 1001 [1] by submitting a false statement to the Department of Commerce on a Shipper's Export Declaration, and with exporting an electron tube, type 6326, valued at $440, without a validated export license, in violation of 50 U.S.C.A.Appendix, 2025. See also 15 Code of Federal Regulations, Chap. III, Subch. B, Section 372.3. After a non-jury trial before Judge Dimock both defendants were found guilty on both counts. Sorkin was sentenced to 60 days imprisonment on each count, the sentences to run concurrently. Minthorne was fined $2500 on each count. Only Sorkin appeals.

■ Appellant sets forth four grounds for reversal. The argument most strongly urged is that the second clause of 18 U.S.C. § 1001, upon which the charge was based, requires as an element of the crime that the false statement be material.[2] However, we find it hard to imagine a statement more clearly material. The proof amply demonstrates that had an accurate statement been made the validated export license, necessary for export, would have been denied. The falsification of the type and value of the electron tube described in the statement made it appear that a validated export license was not necessary and, therefore, permitted to be exported an article that but for the false statement, could not have been exported.

■ Appellant contends that it was error to strike the testimony of a character witness after the prosecution elicited on cross-examination that he had never talked to anyone about appellant or even "discussed" him. Appellant offers the somewhat strained interpretation that despite never having discussed him, the character witness "may have heard a score of others say of the defendant that the latter is a trustworthy and honorable gentleman." Even if we were to adopt this interpretation, the testimony would still have been properly stricken as the necessary foundation for it had not been laid, and we must assume it could not have been laid for otherwise additional questions could have been put to the witness, and this was not done. See Michelson v. United States, 1948, 335 U.S. 469, at page 478, 69 S.Ct. 213, at page 219, 93 L.Ed. 168. We hold that in striking the testimony the trial judge was acting well within his discretion.

■ In the course of the examination of another character witness, the prose-

* Sitting by designation.

1. "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both. (June 25, 1948, c. 645, 62 Stat. 749.)"

2. But see United States v. Silver, 2 Cir., 1956, 235 F.2d 375, certiorari denied 1956, 352 U.S. 880, 77 S.Ct. 102, 1 L.Ed.2d 80.

332

cutor inquired as to the existence of a rumor that Sorkin had engaged in a smuggling operation. After some colloquy the question was withdrawn. We are now asked to reverse a conviction rendered after a trial, without a jury, before an able and experienced judge on the ground that the withdrawn question may have influenced the decision. We see no basis for any such inference. Moreover, we hold that on this record the question was asked in good faith and was therefore proper.

The proffered evidence that government agents had repeatedly visited appellant and had discovered no wrongdoing other than as charged in the indictment in this case was properly rejected.

Affirmed.