Alfonso Beltran ALVEREZ, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16849.

United States Court of Appeals
Ninth Circuit.

Sept. 27, 1960.

Rodney A. Swartz, Burbank, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert John Jensen, Minoru Inadomi, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS and JERTBERG, Circuit Judges, and BOWEN, District Judge.

JERTBERG, Circuit Judge.

Appellant was convicted by a jury on two counts of violating Title 21 U.S.C.A. § 176a.[1] One count of the indictment al-

leged the sale of marihuana by the appellant. The second count alleged that appellant received, concealed and facilitated the transportation and concealment of marihuana.

Jurisdiction of the district court was based upon Title 21 U.S.C.A. § 176a. This Court has jurisdiction under Title 28 U.S.C.A. §§ 1291 and 1294(1).

While appellant does not question the fact that the evidence was abundantly sufficient to sustain the conviction we will briefly review the evidence in order to place in proper focus certain of the errors specified by appellant. Evidence must be viewed in the light most favorable to support the judgment. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Robinson v. United States, 9 Cir., 1959, 262 F.2d 645; Williams v. United States, 9 Cir., 1960, 273 F.2d 781. Appellant drove from Tijuana, Mexico, to Los Angeles in an automobile belonging to a casual acquaintance who lived in Mexico. Shortly after appellant's arrival in Los Angeles he was contacted by a federal narcotics agent and a special employee, whom we assume to have been an "informer", who is designated in the record as Hilliard "Tex" Johnson. In the presence of Johnson negotiations were had between appellant and the federal narcotics agent for the purchase of marihuana. The three then proceeded to where appellant had parked the automobile which he had driven from Tijuana. Appellant removed from the back seat of this car several packages containing marihuana, which were delivered to the federal narcotics agent who paid appellant $350 in marked money. Later appellant was placed under arrest by another federal narcotics agent and a deputy sheriff of Los Angeles County. A search of the car revealed further packages of marihuana. On search of his person the marked money previously paid to appel-

1. In its relevant parts Title 21 U.S.C.A. § 176a reads as follows:

"* * * Whoever, knowingly, with intent to defraud the United States * * * receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law * * * shall be imprisoned * * *".

lant was found in appellant's possession. In addition to the above testimony, the officers testified to several admissions which appellant made at the time of his arrest.

Appellant testified that he drove the automobile from Tijuana, Mexico, to Los Angeles, as a favor to a casual acquaintance in Tijuana, to be delivered to an individual designated only as "Glen Nelson", who would be at the corner of a designated intersection in the City of Los Angeles, and that upon being contacted by Johnson appellant believed him to be the person to whom he was to deliver the car, and that he was completely unaware that marihuana was secreted in the automobile. Appellant denied that he produced the marihuana from under the back seat, but testified that Johnson did so. He explained the possession of the money paid to him by stating that such currency was placed on the front seat of the automobile by the federal narcotics agent. At the trial Johnson was not produced as a witness by the United States.

After reviewing all of the testimony in this case we have readily reached the conclusion that proof of appellant's guilt on both counts of the indictment was overwhelming. It is not that type of case in which the proof of the defendant's guilt is close.

On this appeal appellant specifies as errors:

1. The trial court should have permitted appellant to inquire on voir dire whether any of the prospective jurors had previously sat as jurors in a narcotics case.

2. The trial court should have permitted the witness Moreno to testify regarding appellant's reputation.

3. The trial court should have permitted the witness Reyes to testify regarding appellant's reputation in the community in which he worked.

4. The trial court erred in modifying appellant's proposed instruction regarding the effect of character evidence.

5. The trial court erred in rejecting appellant's offer of proof that a material witness could not be found at the address given by the United States.

6. That appellant was denied a fair trial because a material witness was unavailable to him; that appellee did not call that witness, and the appellant was not allowed to show such facts to the jury.

■■ During the voir dire examination of the prospective jurors counsel for appellant directed the following question to the trial judge: "May I inquire if any of them have sat as jurors in a narcotics case before?" To which the trial judge replied, "I think that is wholly immaterial." Appellant urges that the responses of the prospective jurors to such question would have been helpful to appellant in exercising peremptory challenges, although appellant did not exhaust his peremptory challenges. Appellant was permitted to inquire of the members of the panel if any of. them had any strong sentiments or prejudices or preconceived notions about narcotics cases or the treatment of narcotics defendants, or had had any previous actual familiarity with a narcotics case as a complainant or as a witness. As stated in Spells v. United States, 5 Cir., 1959, 263 F.2d 609, at page 612, certiorari denied 1959, 360 U.S. 920, 79 S.Ct. 1439, 3 L.Ed.2d 1535;

> "The questions that should be asked upon a *voir dire* examination is a matter of discretion; and that discretion belongs to the trial court, not to us. Ours is the duty only to examine the record to determine whether that discretion has been abused. (citations omitted.)

> "Under the circumstances detailed, we think that the question propounded to the prospective jurors by the court below concerning prejudice in narcotics cases embraced the one it refused to propound.[2] Especially is this true where there is no showing at all that appellant was prejudiced

---

**2.** The question propounded was the same as the question propounded in the instant case.

in any way by the action of the court below."

■ In respect to the assigned error of the trial court in refusing to permit the witness Reyes to testify regarding appellant's reputation for truth and veracity "in the community where he works, to-wit, Los Angeles", the objection to which was sustained by the trial court for "lack of foundation", the propriety of the court's ruling was conceded by counsel at the oral argument. Clearly the ruling of the court was correct. The appellant did not reside in Los Angeles, and the witness did not profess to know the names of any persons in Los Angeles who were acquainted with the appellant. See United States v. Pincourt, 3 Cir., 1947, 159 F.2d 917.

■ Error is also claimed because of the trial court's refusal to permit the witness Moreno to testify concerning appellant's reputation for truth and veracity and as being a law-abiding citizen in the community in which appellant lived, to-wit Tijuana, Mexico. The objection was sustained for "lack of foundation." In view of the record in this case the ruling of the trial court, if error, was without prejudice and in no way affected the substantial rights of appellant.

■ In considering appellant's assignment of error relating to the modification of appellant's proposed instruction regarding the effect of character evidence, we note that appellant made no objection whatsoever to any portion of the charge, or omission therefrom, as required by Rule 30, Federal Rules of Criminal Procedure, 18 U.S.C.A., which provides in pertinent parts as follows:

"* * * No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection * * *"

We also note the fact that following the charge to the jury the trial court inquired of appellant's counsel if he had any objections to the instructions, to which counsel replied "No exceptions, your Honor." Nevertheless, we have examined that part of appellant's proposed instruction which the court omitted and find that the omitted portion is substantially only a reiteration of the instruction which was given. In our view the instruction given to the jury by the trial court on the effect of character evidence amply covered the subject. See Kasper v. United States, 9 Cir., 225 F.2d 275. The instruction given reads as follows:

"Where a defendant has offered evidence of good general reputation for truth and veracity or honesty and integrity, or as a law-abiding citizen, the jury should consider such evidence along with all the other evidence in the case.

"Evidence that a defendant's reputation for truth and veracity or honesty and integrity, or as a law-abiding citizen has not been discussed or, if discussed, those traits of the defendant's character have not been questioned, may be sufficient to warrant an inference of good reputation.

"Evidence of a defendant's reputation, as to those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since the jury may think it improbable that a person of good character in respect to those traits would commit such a crime."

We will consider appellant's last two specifications of error together.

■■ As above stated, Johnson, the informer, was not called as a witness by the United States. On redirect examination by governmental counsel of one of the federal narcotics agents, appellant was advised of the informer's name, his address and of the fact that the informer was sick. That same evening counsel for appellant visited the address and found that there was no such number as given, there being no "one-half" number at that address. Upon further inquiry at

that location counsel found from the occupant that no such person lived there, but that such a person had lived there some time before because mail occasionally came there for him. Counsel for appellant offered to testify to such matters, but the offer was rejected by the trial court. Although the trial court offered on several occasions to issue a "forthwith subpoena" and direct the United States Marshal to serve the same, the offers of the trial court were declined by appellant's counsel. Counsel declined the issuance of the "forthwith subpoena" for fear that a "not found" return by the marshal would indicate that the witness was not available to the government and thereby destroy the effect of appellant's contention that the witness was available to the government but unavailable to the appellant. In the first place, we note that the identity of the informer was disclosed, that the informer was not the sole participant in the negotiations for the purchase of the marihuana, nor in the discovery of the marihuana under the back seat of appellant's automobile. The federal narcotics agent who testified on these subjects was present at all times and participated in the negotiations and in the purchase of the marihuana. Furthermore, the United States was not obligated to present Johnson as a witness. This Court considered the same question in Eberhart v. United States, 1958, 262 F.2d 421, and at page 422 stated:

> "But the failure of the Government to produce an informer or other person as witness does not violate the defendant's rights. (Citations omitted) The Government has no duty to place on the witness stand every person with some knowledge of the circumstances."

The rationale of Roviaro v. United States, 1957, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, relied upon by the appellant is not apposite. The appellant should have accepted the offer of the court to have issued a "forthwith subpoena", which may have resulted in the production of the witness Johnson. Apparently appellant desired neither the presence of Johnson nor a "not found" return by the United States Marshal. Under the record in this case we find no prejudicial error on the part of the trial court in rejecting the offer of proof made by appellant's counsel.

In our view the appellant was accorded a fair trial and the record fairly shrieks his guilt.

The judgment is affirmed.