**Donald Chesley WYNN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 23726.**

United States Court of Appeals, Ninth Circuit.

March 5, 1970.

Rehearing Denied April 10, 1970.

Neal Richards (argued), San Diego, Cal., for appellant.

Shelby R. Gott (argued), Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS and BROWNING, Circuit Judges, and BYRNE,* District Judge.

BYRNE, District Judge.

Appellant entered the United States from Mexico at the port of entry at San Ysidro, California. He was driving a Lincoln automobile and was accompanied by a 17-year-old girl. Customs inspectors made the usual inquiry as to whether the appellant or his passenger were bringing any merchandise from Mexico, and both answered in the negative. A subsequent search of the vehicle disclosed 110 pounds of marijuana.

The appellant does not dispute the charge that he smuggled the marijuana from Mexico into the United States. He takes the position that a smuggler of marijuana is immune from prosecution,

---

* Honorable William M. Byrne, United States Senior District Judge, Central District of California, sitting by designation.

as the requirements of the Tariff Act of 1930, that a person entering the United States from a foreign country must disclose to the Customs authorities all merchandise he is bringing into the country, violates his Fifth Amendment rights. He asserts in his brief and in oral argument:

> "The only question presented by this appeal is whether or not Title 19, U.S.C., Sections 1459, 1461, 1484 and 1485, as applied, violate the defendant's privilege against self-incrimination protected by the Fifth Amendment to the Constitution of the United States, and his rights thereunder as amplified by the Supreme Court in Marchetti v. United States and Grosso v. United States."

At the time the briefs were filed in this case, the Supreme Court had not decided Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, but it had granted certiorari limited to two questions, i. e. (1) whether the registration and tax provisions in 26 U.S.C. Sections 4741(a) and 4742 and 4744(a) as applied to *Leary*, violated his privilege against self-incrimination, and (2) whether he was denied due process under the Fifth Amendment by the application, under the circumstances of that case, of the provisions of 21 U.S.C. § 176a, providing that an inference may be drawn respecting the illegal origin and nature of marijuana solely from possession thereof.

The *Leary* case had been argued, and excerpts from the argument reported in several periodicals. In his brief, appellant states that the "position relied on before this court by the appellant is almost identical to that presented in *Leary*." This is a smuggling case tried by the court without a jury. The illegal importation and knowledge thereof was proven by direct evidence and so, of course the 176a presumptions referred to in that section are not in this case. It is clear that appellant feels that his case is "almost identical" to the first question in *Leary* relating to the privilege against self-incrimination.

Leary was charged with a violation of the Marijuana Tax Act which "required him, in the course of obtaining an order form, to identify himself not only as a transferee of marijuana, but as a transferee who had not registered and paid the occupational tax under §§ 4751–4753. Section 4773 directed that this information be conveyed by the Internal Revenue Service to state and local law enforcement officials on request". 395 U. S. at 16, 89 S.Ct. at 1537.

In Marchetti v. United States, 390 U. S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, the defendant was prosecuted for failure to register and pay the occupational tax on wagers as required by 26 U.S.C. §§ 4411 and 4412. The court referred to 26 U.S. C. § 6107, which requires lists of wagering taxpayers be furnished to state and local prosecutors on demand, and concluded that compliance with the statutes would have subjected Marchetti to the risk of self-incrimination. In Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, Grosso was prosecuted for a violation of 26 U.S.C. § 4401, which imposes an excise tax on wagering.

The registration provisions in *Leary*, *Marchetti* and *Grosso*, when considered with the statutory direction that the information be conveyed to state and local law enforcement officials, persuaded the Supreme Court to conclude that a timely and proper assertion of the privilege against self-incrimination provided a defense to prosecution under those particular statutes.

Unlike the defendants in *Leary*, *Marchetti* and *Grosso*, the appellant in this case was not charged under a tax statute aimed at specific unlawful activities. He was charged with *smuggling* marijuana which, like any other merchandise, such as silk, perfume, guns, or bananas, should have been invoiced and presented to the Customs officials for inspection in accordance with the Tariff Act of 1930.

Surely the appellant would not nurture a hope that the Supreme Court may declare unconstitutional the Tariff Act, or that part of it relating to smuggling,

because it requires that all merchandise brought into the United States be declared at the port of entry. Many state and local laws prohibit the possession of concealed weapons and many prohibit the possession of marijuana, but in a prosecution for smuggling either guns or marijuana, the defense of self-incrimination would not be available merely because the Tariff Act required all merchandise, including guns and marijuana, be presented to the customs officials for inspection at the port of entry.

Affirmed.