**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Joseph Addison VANSANT, Defendant-Appellant.**

**No. 24559.**

United States Court of Appeals,
Ninth Circuit.

March 24, 1970.

Rehearing Denied April 15, 1970.

James W. Brammer, Jr. (argued), Tucson, Ariz., for appellant.

Stanley L. Patchell (argued), Richard K. Burke, U. S. Atty., Tucson, Ariz., for appellee.

Before BARNES, HUFSTEDLER and WRIGHT, Circuit Judges.

BARNES, Circuit Judge:

This is an appeal from appellant's conviction by a jury verdict of the posses-

sion of ten pounds of marijuana. Appellant and two minors were arrested when some object, later ascertained to be marijuana, was thrown out of the automobile by the appellant during a chase by Custom officials. One of the three young men.(Rutledge) turned state's evidence, and told the story of how the marijuana was arranged for in Mexico with a Mexican taxicab driver, and picked up on the next day on this side of the border near the border line.

No testimony was introduced in defense. Three errors are now alleged:

1. That the jury was wrongfully instructed it could infer unlawful importation from possession.

■ If the jury believed the testimony of Rutledge there was no need to rely on any inference. The defense made no objection to the court's instructions (R.T. 139–40), and hence waived error, unless we determine it was plain error for the court to give the instruction. We hold it was not. The *Leary* case expressly left open the very question appellant now wishes to raise, and *Leary* was decided two weeks before this case was tried. Leary v. United States, May 19, 1969, 395 U.S. 6, 47–52, 89 S.Ct. 1532, 23 L.Ed.2d 57. Under these circumstances we see no reason to invoke the plain error rule to excuse appellant from raising the constitutional issue at the time of trial.

■ 2. That the marijuana (Exhibits 4–12, inclusive, and 15) was improperly admitted because its chain of government custody was questioned.

The Government insists the proof of the chain of custody was sufficient to support the jury's verdict. We agree. There was no "break" in the chain of custody; merely a question raised by the defense of a *possibility* of a break in the chain, *i. e.*, that someone might have interfered with that chain. We think this "possibility" raises the question of the weight to be accorded by the jury to the sufficiency of the proof of a chain of custody, but no more than that.

■ 3. That the defense to a charge of possession of marijuana imported contrary to law involves potential self-incrimination of the defendant, because of the provisions of 19 U.S.C. §§ 1484 and 1485.

As appellant states, "in essence, those sections require that when merchandise is brought into the United States the person receiving it must report what is being imported"; what it is worth; and pay the duty thereon.

We have already rejected such contention. Witt v. United States, 413 F.2d 303 (9th Cir.), cert. denied 396 U.S. 932, 90 S.Ct. 272, 24 L.Ed.2d 230 (1969); United States v. Polanco, (9th Cir.), decided March 9, 1970; United States v. Williams, 424 F.2d 1056 (9th Cir.), decided March 9, 1970. And see discussion: Wynn v. United States, 422 F.2d 1245 (9th Cir.), decided March 5, 1970.

We affirm the conviction.