**UNITED STATES of America,**
**Appellee,**

v.

**Rudolfo Barron SALAZAR, Appellant.**

**No. 22918.**

United States Court of Appeals,
Ninth Circuit.

April 29, 1970.

Frank V. Gregorcich, San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS and DUNIWAY, Circuit Judges, and von der HEYDT, District Judge.*

DUNIWAY, Circuit Judge:

Salazar, a Mexican citizen, received concurrent seven year sentences after a jury verdict of guilty on both counts of a two-count indictment under 21 U.S.C. § 176a. Count one charged that he "knowingly smuggled and clandestinely introduced" 590 pounds of marihuana into the United States from Mexico; count two charged that he "knowingly concealed and facilitated the transportation and concealment of" the same 590 pounds of marihuana, knowing it to have been imported into the United States contrary to law. The testimony at trial may be summarized as follows:

The marihuana was discovered in the course of a border search by United States customs agents. It had been con-cealed under the panels of the bed and in the sides of the bed of a 1959 Ford Ranchero that the appellant was driving when he crossed the border from Mexi-co. The agent who first questioned Sal-azar originally became concerned be-cause he had no customs papers for two automobile transmissions he was carry-ing on the truck. He referred Salazar to the secondary inspection station for a more thorough search after noticing "some loose bolts and things" on the Ranchero. Salazar became nervous [1] when he was told that he would be sub-jected to a more extensive search.

Salazar's only attempted defense was that he did not know there was marihua-na concealed in the truck. He testified that the truck had been left for repairs at his garage in Mexico by a customer he knew only as "Tony." On the day of his arrest another customer, a garage owner on the United States side of the border for whom he had rebuilt a num-ber of transmissions, called and asked Salazar to deliver two transmissions to him in the United States. Salazar de-cided to use "Tony's" truck (without asking permission) to transport the transmissions across the border. To protect the truck's springs, which he had been asked to repair but had not yet re-paired, Salazar inserted two wooden blocks or "heels" between the springs and the chassis. The blocks were not placed there, Salazar testified, to pre-vent the 590 pounds of marihuana from making the truck ride suspiciously low.

*Specification of Error on Appeal*

This appeal predates the Supreme Court's decision in Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, made fully retroactive by our decision in United States v. Scott, 425 F.2d 55, (1970). However, appel-lant does not assert error under those decisions. Nor could he on this record.

---

* Honorable James A. von der Heydt, United States District Judge, District of Alaska, sitting by designation.

1. The agent testified: "His face got a little flushed. There was a marked change. There might have been some body movement, his hands and his eyes, and so forth."

He can derive no benefit from *Leary's* disapproval of the § 176a presumption because no instruction permitting the jury to rely on that presumption was given by the district judge. Moreover, if Salazar knew the marihuana was in the truck, as the jury must have concluded in order to convict, he also knew it was imported. He had just driven the truck over the border himself. See Plascencia-Plascencia v. United States, 9 Cir., (1970), 423 F.2d 803.

We foreclosed any fifth amendment claims Salazar might have made on the basis of *Leary* when we said in *Scott:*

> "[n]othing in *Leary* or United States v. Covington (1969) 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94, or their predecessors, Marchetti v. United States (1968) 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; Grosso v. United States (1968) 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906; Haynes v. United States (1968) 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923, suggests that the assertion of the privilege against self-incrimination would be a defense to a prosecution for smuggling or a defense to a prosecution for violating the general customs laws." (425 F.2d at 60, 65)

See also Witt v. United States, 9 Cir. 1969, 413 F.2d 303, cert. denied 396 U.S. 932, 90 S.Ct. 272, 24 L.Ed.2d 932; United States v. Williams, 9 Cir., (1970) 424 F.2d 1056; Wynn v. United States, 9 Cir., (1970), 422 F.2d 1245.

■ None of the three arguments advanced by appellant requires reversal. First, he contends that the trial court erred in excluding testimony of a defense witness "regarding appellant's reputation for honesty and veracity among the people with whom appellant had business contacts." The witness, the California garage owner to whom Salazar said he was delivering transmissions when he was arrested, testified that he knew Salazar only through two months of occasional business dealings. No further foundational evidence was proffered. This was insufficient to qualify him to testify as to Salazar's general reputation for honesty and veracity, either in his home community or in his business community, and the district judge quite properly refused to allow the witness to answer defense counsel's questions. See Alverez v. United States, 9 Cir., 1960, 282 F.2d 435, 438; Michelson v. United States, 335 U.S. 469, 478, 69 S.Ct. 213, 93 L.Ed. 168 (1948); Whiting v. United States, 1 Cir., 1961, 296 F.2d 512, 517; Deschenes v. United States, 10 Cir., 1955, 224 F.2d 688, 691; V Wigmore on Evidence, §§ 1610–16 (3d ed. 1940). Moreover, after some colloquy in the course of which the trial judge offered to reconsider if he were cited proper authority, defense counsel stated that he had no further questions. Certainly the district judge was acting well within his discretion. See United States v. Sorkin, 2 Cir., 1960, 275 F.2d 330, 331.

■ Second, appellant argues that the trial judge erred in admitting into evidence one of the blocks of wood taken from the springs of the Ford Ranchero. The block shows a small indentation, presumably from supporting weight. It is hard to see how the admission of this block of wood, even if error, could have been prejudicial to the defendant. Salazar himself testified that he had inserted two blocks of wood to protect the truck's springs before the government offered the block in evidence during its rebuttal case.

■ The only error asserted by appellant in connection with the admission of the block is that no one "testified regarding the circumstances surrounding the preservation and custody" of the block at the time it was introduced. However, one of the customs agents had testified earlier that the car was impounded in a lot enclosed by a locked fence throughout the three month period between Salazar's arrest and the time the block was removed from the springs immediately before trial. Clearly there was no abuse of discretion in the district judge's ruling. See Gallego v.

United States, 9 Cir., 1960, 276 F.2d 914.

Third, and last, appellant contends that it was an abuse of discretion for the trial judge to limit his closing argument to a total of 25 minutes (20 minutes plus a 5-minute extension), only 5 minutes less than he requested. The trial court has "wide discretion in the allotment of time for argument." Barnard v. United States, 9 Cir., 1965, 342 F.2d 309, 321, cert. denied, 382 U.S. 948, 86 S.Ct. 403, 15 L.Ed.2d 356. Here the trial lasted only a half day, there were only four witnesses and two exhibits, and the only issue was whether the defendant knew he was transporting contraband. The limitation was well within the district court's discretion.

Affirmed.