**Howard Edward JORDAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 23831.

United States Court of Appeals, Ninth Circuit.

June 24, 1970.

8

Harvey E. Byron, Los Angeles, Cal., Howard Edward Jordan, in pro. per., for appellant.

Wm. Matthew Byrne, Jr., U. S. Atty., Howard B. Frank, Asst. U. S. Atty., Robt. L. Brosio, Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before HAMLEY and CARTER, Circuit Judges, and CROCKER*, District Judge.

CROCKER, District Judge:

Appellant was convicted of the crime of knowingly receiving, concealing and facilitating the transportation of a certain quantity of marihuana which had been illegally imported into the United States. 21 U.S.C. § 176a.

Two Government informers were solicited by a supplier in Mexico to fly marihuana to the United States from Mexico. After several meetings and telephone conversations between the informers and the supplier, the informers were given appellant Jordan's name and telephone number and told to contact him in order to arrange delivery of the marihuana upon arrival of the flight in the United States. The contact was made and a meeting was set up to work out the details of the delivery.

At the meeting the appellant supplied the informers with two automobiles for use in the delivery of the marihuana. One of the informers flew the marihuana from Mexico to Long Beach, California, and subsequently loaded the marihuana into the two automobiles at the airport. Appellant was then contacted and he subsequently drove one of the vehicles for delivery of the marihuana to a designated designation. The appellant was thereafter arrested.

* Honorable M. D. Crocker, United States District Judge, Eastern District of California, sitting by designation.

## 1. *The Question of Entrapment.*

██ One of the defenses relied upon by the appellant was that of entrapment. In a discussion out of the presence of the jury at trial, the Government attorney indicated the intent to show predisposition on the part of appellant to commit the crime by the use of hearsay testimony in order to defeat the defense of entrapment. The testimony would show that a Government agent had a file on the appellant. The court indicated that it would admit this testimony. As a result, the defense of entrapment was withdrawn by appellant's counsel because it was felt the testimony would be too prejudicial to the defense's case.

Appellant contends first that it was error for the court to rule that it would admit hearsay evidence to show predisposition. Second, it is argued that even though the defense was not relied upon, there was enough evidence of entrapment that it was error to fail to give the entrapment instruction to the jury. We do not agree on either count.

We do not think that on the record in this case, appellant may claim error in the trial court's proposed ruling. When appellant's counsel withdrew the entrapment defense the Government did not present the evidence which the court had held would be admissible. Appellant's counsel thus forestalled the use of this evidence by the Government and thus enhanced his chance for an acquittal. This trial strategy by appellant's counsel gave appellant two bites at the apple. Having taken a position on which the Government relied, appellant should not, after a guilty verdict, be entitled to reverse his field and cry error.

This is like the situation in Shorter v. United States, (9 Cir. 1969) 412 F.2d 428, where the defendant, knowing the Government had prior convictions, elected not to place the defendant on the witness stand and then later complained that the priors would have been inadmissible, and that therefore his rights had been jeopardized. His contention was rejected.

During the course of the trial, defense counsel will make many decisions, some right and some wrong, but is generally bound by the position he takes. Here appellant's counsel decided to abide with the court's ruling. He withdrew his entrapment defense and the Government in reliance thereon did not put into evidence the hearsay testimony, nor did it offer testimony by the informers in rebuttal to appellant's testimony as to inducements. Appellant cannot now raise the question as to whether the hearsay testimony would have been admissible.

We do not reach the question as to whether hearsay testimony by the officers would be admissible on the limited issue of reasonable grounds for the officer's contacts and dealings with appellant, when coupled with an instruction that the evidence was not received for the truth of the contents of the hearsay statements. See Trice v. United States, (9 Cir. 1954) 211 F.2d 513 and Washington v. United States, (5 Cir. 1960) 275 F.2d 687.

██ As to the matter of the lack of a jury instruction on entrapment, defense counsel at trial indicated he was withdrawing the defense of entrapment. Thus, it is not error for the court to withdraw the jury instruction on entrapment.

## 2. *Importation of the Marihuana.*

██ Appellant next contends that since a Government agent flew the marihuana into the United States, it was brought in "under color of law" and so there was no violation of 21 U.S.C. § 176a which requires entry "contrary to law." We have held in Juvera v. United States, 378 F.2d 433 (9th Cir. 1967), and Pederson v. United States, 392 F.2d 41 (9th Cir. 1968) in similar circumstances that such a defense is unmeritorious. For the reasons cited in those cases we so hold here.

██ Appellant also makes an argument under the Fifth Amendment's privilege against self-incrimination. It is argued that in order to avoid violation

**10**

of the words "contrary to law" in 21 U.S.C. § 176a, appellant would have to comply with the taxation provisions of other sections of Title 21. He cites a recent line of cases holding that a similar requirement would violate a defendant's privilege against self-incrimination by forcing him to disclose his illegal activities. Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 65, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968).

This argument is in error. Section 176a requires only a showing of specific intent to defraud the Government by doing one or more of the acts prohibited thereby. It is independent of the registration and taxation sections of Title 21. Therefore, it is not subject to the line of cases cited by appellant. See, Witt v. United States, 413 F.2d 303 (9 Cir. 1969); McClain v. United States, 417 F.2d 489 (9 Cir. 1969); and United States v. Simon, 424 F.2d 1049 (9 Cir. 1970).

### 3. *Alleged Error at Trial.*

Appellant cites several events at trial which he contends constitute prejudicial error. The first such instance was the admission, over the objection of defense counsel, of testimony by one of the Government informers as to conversations he had with an unindicted co-conspirator prior to the time the evidence indicates appellant was part of the conspiracy. Such testimony is admissible where, as here, the defendant subsequently joins the conspiracy. Hernandez v. United States, 300 F.2d 114 (9th Cir. 1962); Costello v. United States, 352 F.2d 848 (2nd Cir. 1965).

Next alleged as error is the fact that the court permitted fifteen sacks of marihuana to remain in sight of the jury during trial. Appellant cites no authority supporting this contention and we do not find it to have been prejudicial error.

Appellant argues that the court committed prejudicial error by permitting the introduction into evidence of the transcript made from a recording of a conversation between one of the Government informers and the appellant. Again, no authority is cited supporting this argument. We have held that such evidence is admissible where properly identified and where a foundation has been laid for its introduction. Mendez v. United States, 349 F.2d 650 (9th Cir. 1965); and Wright v. United States, 353 F.2d 362 (9th Cir. 1965).

Finally, it is contended that appellant's motion to dismiss for insufficiency of the evidence should have been granted as a matter of law. On the contrary, it apears that the evidence was quite sufficient to withstand the defense motion. Since, as we have held, the evidence in deciding such a motion must be judged in a light most favorable to the Government, we hold that the denial of this motion was not error. Moody v. United States, 376 F.2d 525 (9th Cir. 1967); and Enriquez v. United States, 338 F.2d 165 (9th Cir. 1964).

The judgment is affirmed.