**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Paul David SUTTON, Jr., Defendant-**
**Appellant.**

**No. 26330.**

United States Court of Appeals,
Ninth Circuit.

June 23, 1971.

Rehearing Denied Aug. 18, 1971.

J. William Brammer, Jr., of De-Concinin & McDonald, Tucson, Ariz., for defendant-appellant.

Richard K. Burke, U. S. Atty., James M. Wilkes, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before HAMLEY, CARTER and TRASK, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

Appellant was convicted and sentenced for importing marihuana contrary to law in violation of 21 U.S.C. § 176a. His contentions on appeal are:

1. The trial court committed plain error in its instruction to the jury;

2. The evidence was insufficient to sustain the conviction;

3. His privilege against self-incrimination was violated;

4. The trial court erred when it denied his motion for a mistrial based on a comment of the prosecutor in summation;

5. The trial court erred in admitting certain exhibits in evidence;

6. The trial court erred in failing to strike a juror for cause.

We find the contentions are without merit and affirm the conviction.

### The Factual Background

Appellant arrived in Tucson, Arizona from Seattle, Washington, on September 23, 1969. On the next day, he registered at a hotel under an assumed name and rented a car under his true name.

On September 25 in the company of Le Jioux, his co-defendant below, appellant entered Mexico. On October 2, appellant arrived at the International Border at Nogales, Arizona and drove across alone, Le Jioux having left the car to walk across. Appellant's car contained a considerable amount of leather goods, and he was directed by customs to stop for an inspection. While appellant was removing the leather goods, customs officials examined the interior of the car and found two small seeds on the rear floorboard. A further search revealed ten pounds of marihuana in the left front tire of the car. Appellant made an oral declaration of the leather

goods to customs officials but did not mention the marihuana.

Appellant was charged with one count of knowingly importing the marihuana found in his tire contrary to law—without such marihuana having been declared and presented for inspection at the port of entry—in violation of 21 U. S.C. § 176a.[1] At his trial, appellant testified that he was unaware that the marihuana was concealed in his tire. The jury did not believe him, and he was convicted.

## I

### The Instruction

Appellant's major contention is that the trial court erred in instructing the jury, without objection, as follows:

"I instruct you that marijuana imported into the United States from another contiguous country must, by requirement of law, be declared and presented for inspection to the United States custom officer at the port of entry or customs house which is nearest to the place in which the marijuana crosses the line. Further, certain information concerning the imported marijuana must be supplied to the customs officer and an invoice for the marijuana must be produced. A declaration under oath is required, which declaration states that the information contained therein, the invoice and any other document filed with the customs officials are true.

"If marijuana is brought into the United States from a foreign country without having been declared and presented to customs officials for inspection, then such marijuana is brought into the United States contrary to law."

We conclude that this instruction was substantially correct and was not plain error.

■ The instruction states that "marihuana imported into the United States from a contiguous country must * * * be declared and presented for inspection" and that "certain information concerning the imported marihuana must be supplied * * * and an invoice for the marihuana must be produced." We conclude that 19 U.S.C. §§ 1459, 1460 and 1461, when read in the context of the general scheme of the customs laws, are sufficient justification for this portion of the instruction.

Part II of Subtitle III of Chapter 4 of Title 19 contains §§ 1431–1467 and is part of the Tariff Act of 1930, Act of June 17, 1930, 46 Stat. 590, as amended. These sections are intended to aid the United States in its enforcement of the customs laws and concern particularly the subject indicated by the title of Part II, which is "Report, Entry and Unlading of Vessels and Vehicles."

19 U.S.C. § 1459 requires a person in charge of any vehicle arriving from a contiguous country to report his arrival and, if merchandise is carried on board the vehicle, to produce a manifest.[2] 19

---

1. The indictment charged:

"On or about the 2nd day of October, 1969, within the District of Arizona, PAUL DAVID SUTTON, JR. and JOSEPH MICHAEL LE JIOUX did knowingly, and with intent to defraud the United States of America, import and bring into the United States of America, at Nogales, Arizona, approximately ten (10) pounds of bulk marihuana, contrary to law, that is to say, without such marihuana having been declared and presented for inspection to a United States Customs Officer at the port of entry; all in violation of 21 U.S.C. § 176a.

2. "§ 1459. Contiguous countries; report and manifest

* * * the person in charge of any vehicle arriving in the United States from contiguous country, shall immediately report his arrival to the customs officer at the port of entry or customhouse which shall be nearest to the place at which such * * * vehicle shall cross the boundary line * * * and if such * * * vehicle have on board any merchandise, shall produce to such customs officer a manifest as required by law, and no such * * * vehicle shall proceed farther inland nor shall discharge or

U.S.C. § 1460 provides for a $100 penalty against a person in charge of a vehicle for failing to report as required by § 1459. § 1460 further provides for forfeiture of the vehicle and the merchandise for failure to report merchandise or to file a manifest. There is an additional penalty equal to the value of any merchandise that was not reported or not included in the manifest.[3] Finally, 19 U.S.C. § 1461 requires all merchandise imported from any contiguous country to be unladen and inspected by a customs officer at the first port of entry.[4]

Thus, §§ 1459–1461, read together, clearly require declaration or report of merchandise and presentation of it for inspection. The requirement of production of a manifest in § 1459 justifies the portion of the instruction relating to

supplying information concerning marihuana and producing an invoice for it.

■ The instruction also stated, "A declaration under oath is required * * *". The instruction was based on 19 U.S.C. §§ 1484 and 1485. § 1484 provides the entry at the customs house may be made within 5 days after the report of the vehicle. We consider this problem later herein.

We do not pass on the validity of this portion of the instruction because, if giving it was error, the error was not prejudicial. The evidence showed that appellant made no declaration of any kind concerning the marihuana. The ultimate factual dispute resolved against appellant by the jury was whether he was aware of the marihuana concealed in the tire.

land any merchandise, passengers, or baggage without receiving a permit therefor from such customs officer. Any person importing or bringing merchandise into the United States from a contiguous country otherwise than in * * * vehicle shall immediately report his arrival to the customs officer at the port of entry or customhouse which shall be nearest to the place at which he shall cross the boundary line and shall present such merchandise to such customs officer for inspection."

3. "§ 1460. Same; penalties for failure to report or file manifest

* * * the person in charge of any vehicle who fails to report arrival in the United States as required by section 1459 of this title, or if so reporting proceeds further inland without a permit from the proper customs officer, shall be subject to a penalty of $100 for each offense. If any merchandise is imported or brought into the United States in any * * * vehicle, or by any person otherwise than in a * * * vehicle, from a contiguous country, which * * * vehicle, or merchandise is not so reported to the proper customs officers; or if * * * the person in charge of such vehicle fails to file a manifest for the merchandise carried therein, or discharges or lands such merchandise without permit; such merchandise and the * * * vehicle, if any, in which it was imported or brought into the United States shall be subject to

forfeiture; and * * * the person in charge of such vehicle, or the person importing or bringing in merchandise otherwise than in a * * * vehicle, shall, in addition to any other penalty, be liable to a penalty equal to the value of the merchandise which was not reported, or not included in the manifest, or which was discharged or landed without a permit. If any * * * vehicle not so reported carries any passenger; or if any passenger is discharged or landed from any such * * * vehicle before it is so reported, or after such report but without a permit; the * * * person in charge of the vehicle shall, in addition to any other penalty, be liable to a penalty of $500 for each passenger so carried, discharged, or landed."

4. "§ 1461. Same; inspection

All merchandise and baggage imported or brought in from any contiguous country, except as otherwise provided by law or by regulations of the Secretary of the Treasury, shall be unladen in the presence of and be inspected by a customs officer at the first port of entry at which the same shall arrive; and such officer may require the owner, or his agent, or other person having charge or possession of any trunk, traveling bag, sack, valise, or other container, or of any closed vehicle, to open the same for inspection, or to furnish a key or other means for opening the same."

## II

### *Sufficiency of the Evidence*

■ Appellant contends that the evidence was insufficient to sustain his conviction. First, he argues that the evidence was insufficient to establish that he knew of the presence of the marihuana in the tire. There was sufficient evidence to establish this element because appellant was in possession of and driving the automobile in which the marihuana was concealed.

■ Second, appellant argues that the Government stated that his importa-

tion was contrary to 19 U.S.C. § 1484 and § 1485 but did not prove that he was a consignee and that he failed to comply with the requirements of these provisions within five days of his entry.[5] The fact that the Government informed the trial court that it relied upon § 1484 and § 1485 does not benefit appellant. He did not call for an election. He knew what the indictment alleged. The indictment was not only sufficient to state an offense, but it supplied appellant with a particular reason the importation was contrary to law—failure to declare and present it at the port of

---

5. "§ 1484. Entry of merchandise—Requirement and time

(a) Except as provided in sections 1490, 1498, 1552, and 1553 and in subdivision (j) of section 1336 of this title, and in subdivision (h) and (i) of this section, the consignee of imported merchandise shall make entry therefor either in person or by an agent authorized by him in writing under such regulations as the Secretary of the Treasury may prescribe. Such entry shall be made at the customhouse within five days, exclusive of Sundays and holidays, after the * * report of the vehicle, or after the arrival at the port of destination in the case of merchandise transported in bond, unless the appropriate customs officer authorizes in writing a longer time.

Production of certified invoice

(b) The Secretary of the Treasury shall provide by regulation for the production of a certified invoice with respect to such merchandise as he deems advisable and for the terms and conditions under which such merchandise may be permitted entry under the provisions of this section without the production of a certified invoice.

Production of bill of lading

(c) The consignee shall produce the bill of lading at the time of making entry, except that—

(1) If the appropriate customs officer is satisfied that no bill of lading has been issued, the shipping receipt or other evidence satisfactory to such customs officer may be accepted in lieu thereof;

(2) The appropriate customs officer is authorized to permit entry and to release merchandise from customs custody without the production of the bill of lading if the person making such entry gives a bond satisfactory to such customs officer * * *."

Signing and contents

(d) Such entry shall be signed by the consignee, or his agent, and shall set forth such facts in regard to the importation as the Secretary of the Treasury may require for the purpose of assessing duties and to secure a proper examination, inspection, appraisement, and liquidation, and shall be accompanied by such invoices, bills of lading, certificates, and documents as are required by law and regulations promulgated thereunder."

\* \* \* \* \*

"§ 1485. Declaration—Requirement; form and contents

(a) Every consignee making an entry under the provisions of section 1484 of this title shall make and file therewith, in a form to be prescribed by the Secretary of the Treasury, a declaration under oath, stating—

(1) Whether the merchandise is imported in pursuance of a purchase or an agreement to purchase, or whether it is imported otherwise than in pursuance of a purchase or agreement to purchase;

(2) That the prices set forth in the invoice are true, in the case of merchandise purchased or agreed to be purchased; or in the case of merchandise secured otherwise than by purchase or agreement to purchase, that the statements in such invoice as to value or price are true to the best of his knowledge and belief;

(3) That all other statements in the invoice or other documents filed with the entry, or in the entry itself, are true and correct; and

(4) That he will produce at once to the appropriate customs officer any invoice, paper, letter, document, or information received showing that any such prices or statements are not true or correct."

\* \* \* \* \*

entry. This particular allegation was supported by §§ 1459–1461, and the evidence established the crime so alleged. Although appellant declared and presented the leather goods, he did not declare or present the marihuana. In substance, he indicated that the leather goods were all the merchandise that he was bringing into the country. He concealed the fact that the tire contained marihuana. This was importation of marihuana contrary to law.

Even if we were required to measure the evidence against the requirements of §§ 1484 and 1485, we doubt that it would be insufficient in this case. It may be that 19 U.S.C. § 1483, concerning "consignee as the owner of merchandise," makes §§ 1484 and 1485 applicable to a person importing merchandise into the United States in a vehicle, in his baggage or on his person.[6]

▆ In any event, these sections cannot be read to grant, to one who has concealed and failed to present for inspection merchandise that he has im-

ported, five days thereafter to produce the invoice, make a declaration under oath, and wash away his crime. See United States v. Boggus, (9 Cir. 1969) 411 F.2d 110, 112, cert. denied 396 U.S. 919, 90 S.Ct. 245, 24 L.Ed.2d 198 (1969).

▆ United States attorneys should be well advised that instructions based on 19 U.S.C. §§ 1459, 1460 and 1461, amply cover cases under 21 U.S.C. § 176a and reliance on 19 U.S.C. §§ 1484 and 1485 should be avoided, at least until some authoritative holding on the effect of 19 U.S.C. § 1483 is handed down.

### III

### *Self Incrimination*

▆ Appellant contends that he was improperly convicted of importing marihuana contrary to law, in violation of 21 U.S.C. § 176a, because compliance with the entry, inspection and declaration sections of 19 U.S.C. would have violated his privilege against self-incrimination. As with the other provisions of § 176a,[7]

---

6. "§ 1483. Consignee as owner of merchandise

  For the purposes of this subtitle—

  (1) All merchandise imported into the United States shall be held to be the property of the person to whom the same is consigned; and the holder of a bill of lading duly indorsed by the consignee therein named, or, if consigned to order, by the consignor, shall be deemed the consignee thereof. * * *

  (2) A person making entry of merchandise under the provisions of subdivision (h) or (i) of section 1484 of this title (relating to entry on carrier's certificate and on duplicate bill of lading, respectively) shall be deemed the sole consignee thereof."

7. (a) *Smuggling:* Witt v. United States, (9 Cir. 1969) 413 F.2d 303, cert. denied 396 U.S. 932, 90 S.Ct. 272, 24 L.Ed.2d 230 (1969); Wynn v. United States, (9 Cir. 1970) 422 F.2d 1245 (19 U.S.C. §§ 1459, 1461, 1484 and 1485 specifically mentioned); United States v. Reyes-Meza De Polanco, (9 Cir. 1970) 422 F.2d 1304, cert. denied 397 U.S. 1081, 90 S.Ct. 1536, 25 L.Ed.2d 817 (1970) (19 U.S.C. §§ 1459, 1461, 1481, and 26 U.S.C. §§ 4751–4755 specifically mentioned); United States v. Gonzales, (9 Cir. 1970) 424

F.2d 1055; United States v. Williams, (9 Cir. 1970) 424 F.2d 1056, cert. denied 399 U.S. 905, 90 S.Ct. 2198, 26 L.Ed.2d 561 (1970); United States v. Salazar, (9 Cir. 1970) 425 F.2d 1284; Zaragoza-Almeida v. United States, (9 Cir. 1970) 427 F.2d 1148 (19 U.S.C. §§ 1459, 1461, 1484, and 1485 specifically mentioned); United States v. Coronado-Sandez, (9 Cir. 1970) 430 F.2d 1312; United States v. Lopez, (9 Cir. 1970) 432 F.2d 547; United States v. Nungaray-Nungaray, (9 Cir. 1970) 434 F.2d 999 (19 U.S.C. §§ 1459, 1461, 1483, and 1485 specifically mentioned).

  (b) *Receiving, concealing and facilitating transportation and concealment:* United States v. Vansant (9 Cir. 1970) 423 F.2d 620, cert. denied 400 U.S. 835, 91 S.Ct. 72, 27 L.Ed.2d 68 (1970) (19 U.S.C. §§ 1484 and 1485 specifically mentioned); United States v. Scott, (9 Cir. 1970) 425 F.2d 55 (19 U.S.C. §§ 1461 and 1462 specifically mentioned); United States v. Salazar, (9 Cir. 1970) 425 F.2d 1284; Jordan v. United States, (9 Cir. 1970) 428 F.2d 7, cert. denied 400 U.S. 946, 91 S.Ct. 252, 27 L.Ed.2d 252 (1970); United States v. Avey, (9 Cir. 1970) 428 F.2d 1159, cert. denied 400 U.S. 903, 91 S.Ct. 140, 27 L.Ed.2d 139

we have held that the operation of the importation provision with the customs laws does not violate the privilege against self-incrimination. United States v. Simon, (9 Cir. 1970) 424 F.2d 1049, cert. denied 400 U.S. 827, 91 S.Ct. 52, 27 L.Ed.2d 56 (1970).

## IV

### Comment by the Prosecutor

Appellant contends that the trial court committed reversible error when it refused to grant a mistrial based on a comment of the prosecutor. Near the close of his summation, the prosecutor made reference to the fact that the proceeding was by indictment and "that at least 12 people have to agree on * * * *". Objection was then made and sustained.

■ Shortly after this comment, the trial judge began instructing the jury. He directed specific attention to the prosecutor's comment and included the following instruction:

"I instruct you that the indictment is not evidence of any kind against the defendant. It does not create any presumption or permit any inference of guilt. The indictment is merely a formal manner by which the Government accuses a person of a crime in order to bring them to trial. The defendants have answered the charges in this case by pleading not guilty and you must not be prejudiced against the defendants because an indictment has been returned against them. Further, statements and arguments of counsel are not evidence in the case. They are intended only to assist the jury in understanding the evidence and the contentions made."

We hold that the instruction prevented the comment from prejudicing appel-

lant and eliminated any necessity for a mistrial.

## V

### Admission of Evidence

■ Appellant contends that the trial court erred when it admitted in evidence portions of Government exhibits indicating that he registered under an assumed name at a hotel in Tucson prior to crossing the border. Over appellant's objection that the exhibits contained evidence of a prior bad act, the trial court admitted the evidence on the theory that it showed appellant's state of mind prior to entering Mexico. We hold that the evidence was properly admitted.

Evidence of use by an accused of a false name is frequently admitted when such conduct occurs *subsequent* to the offense charged. "As stated by Prof. Wigmore (Wigmore on Evidence, 3d Ed., § 276): 'It is today universally conceded that the fact of an accused's * * * assumption of a false name * * * [is] admissible as evidence of consciousness of guilt, and thus of guilt itself.'" Marcoux v. United States, (9 Cir. 1968) 405 F.2d 719, 721.

We agree with the trial court that similarly evidence of concealment of identity, such as by false registration, immediately *before* the offense may be probative of the accused's consciousness of participation in a transaction in which he deems it desirable to conceal his identity. Mendolia v. State, (1959) 192 Tenn. 656, 241 S.W.2d 606, 612. We also agree with the trial court that the probative value of such evidence in this case outweighed the prejudicial effect of possible unauthorized uses of the evidence.

■ Appellant argues that *Mendolia* is distinguishable because, after using a

(1970); United States v. Lopez, (9 Cir. 1970) 432 F.2d 547; United States v. Ashbrook, (9 Cir. 1970) 433 F.2d 988.

(c) *Sale:* Corwin v. United States, (9 Cir. 1970) 423 F.2d 33, cert. denied 398 U.S. 938, 90 S.Ct. 1842, 26 L.Ed.2d 271 (1970).

(d) *Provision not stated:* United States v. Cordova, (9 Cir. 1970) 421 F.2d 471, cert. denied 398 U.S. 941, 90 S.Ct. 1855, 26 L.Ed.2d 276 (1970); United States v. Jetter, (9 Cir. 1970) 421 F.2d 839; United States v. Gabaldon, (9 Cir. 1970) 424 F.2d 1369.

false name at the hotel and before the offense charged, he rented a car under his own name. His argument seems to be that because he used his own name in obtaining the car the false registration is not probative of an intent to conceal his identity prior to the commission of the criminal acts. We disagree in light of the evidence that he was not required to display identification when registering at the hotel but was required to do so when renting the car.

## VI

### Denial of Challenge for Cause

Appellant contends that the trial court erred when it refused to excuse prospective juror McGlothlin for cause, requiring appellant to utilize a peremptory challenge that would otherwise have been available. When inquiry was made as to possible prejudice if it appeared that appellant or his co-defendant or witnesses in their behalf were shown to have been connected with a rock festival, the juror first stated she might be a "little prejudiced." She subsequently stated that such facts would not affect her as far as the evidence was concerned; that she could appropriately evaluate the testimony of such witnesses; that she would evaluate the testimony of such witness, "not what they did or didn't do prior to that" [testimony]; and that she could be fair.

The trial judge has great discretion in determining the competency of jurors. Lyda v. United States, (9 Cir. 1963) 321 F.2d 788, 791; Beck v. United States, (9 Cir. 1962) 298 F.2d 622, 629, cert. denied 370 U.S. 919, 82 S.Ct. 1558, 8 L.Ed.2d 499 (1962). In view of the statements of McGlothlin that she could be fair, we conclude that the trial court did not abuse its discretion in failing to excuse this juror. Bateman v. United States, (9 Cir. 1954) 212 F.2d 61.

The judgment is affirmed.

* [1]  Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.