12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pablo CORONA-ROCHA, Defendant-Appellant.
 No. 93-10040.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 16, 1993.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pablo Corona-Rocha appeals his jury conviction for possession with intent to distribute marijuana, in violation of 21 U.S.C. Sec. 841(a)(1). He argues that the district court erred in denying his motion for judgment of acquittal. He says the evidence was insufficient to establish that he knew about the marijuana in the car he drove.
 
 
 3
 Corona-Rocha moved for judgment of acquittal at the close of all evidence. We are not limited to reviewing evidence for "plain error to prevent a miscarriage of justice." United States v. Winslow, 962 F.2d 845, 850 (9th Cir.1992). Instead, we review the court's denial of a motion for acquittal as we would a challenge to the sufficiency of the evidence. United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989). We examine the evidence "in the light most favorable to the government and determine whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Sharif, 817 F.2d 1375, 1377 (9th Cir.1987) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 4
 The evidence was sufficient for a rational jury to conclude that the government proved each element of the crime, including knowledge. Corona-Rocha was the driver and sole occupant of the car containing the marijuana. This evidence supports the inference that he knew about the contraband. United States v. Murrieta-Bejarano, 552 F.2d 1323, 1324 (9th Cir.1977); see also United States v. Dixon, 460 F.2d 309, 309 (9th Cir.1972) (driving car with 30 pounds of marijuana hidden in trunk and beneath rear seat provides substantial basis for conclusion of knowledge), cert. denied, 409 U.S. 864 (1972); United States v. Ascolani-Gonzales, 449 F.2d 159, 159 (9th Cir.1971) (driving car laden with concealed contraband provides substantial basis for jury's inference that defendant had knowledge of the contraband); United States v. Sutton, 446 F.2d 916, 920 (9th Cir.1971) (driving and being in possession of car sufficient to establish knowledge of contraband concealed in tire), cert. denied, 404 U.S. 1025 (1972). "Mere possession of a substantial quantity of narcotics is sufficient evidence to support a finding that a defendant knowingly possessed the narcotics." United States v. Collins, 764 F.2d 647, 652 (9th Cir.1985).
 
 
 5
 DEA Agent Prather who took custody of the car, testified that he recovered 29 pounds of marijuana from the rear seat. Border Patrol Agent Bell testified that the marijuana caused a bulge in the seat, was visible from the driver's area, and emitted a strong odor.
 
 
 6
 Corona-Rocha's contention that the court denied his motion because it took judicial notice of information not presented to the jury is meritless.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3