**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50405 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-01982-H-1 |
| v. | |
| ROBERTO SEPULVEDA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted August 5, 2010[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, REINHARDT and WARDLAW, Circuit Judges.

Roberto Sepulveda appeals from his jury conviction of conspiracy to import

cocaine in violation of 21 U.S.C. §§ 952, 960, 963; importation of 5 kilograms or

more of cocaine in violation of 21 U.S.C. §§ 952, 960; conspiracy to possess 5

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

kilograms or more of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and possession of 5 kilograms or more of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in declining to ask every written question submitted by Sepulveda's counsel or in denying attorney-conducted voir dire. The district court's voir dire was "reasonably sufficient to test the jury for bias or partiality," *United States v. Jones*, 722 F.2d 528, 529 (9th Cir. 1983), and addressed all potential areas of bias identified by Sepulveda in his submitted questions. Sepulveda, moreover, never objected during voir dire or sidebar conferences, requested that two jurors be struck for cause, and sufficiently received the benefit of his right to peremptory challenges.

Sepulveda argues that the district court erred in admitting into evidence cell phones seized at the Port of Entry because agents were unable to establish a proper chain of custody. We disagree. As the district court correctly concluded, "[t]he possibility of a break in the chain of custody goes only to the weight of the evidence." *United States v. Harrington*, 923 F.2d 1371, 1374 (9th Cir. 1991). Sepulveda also failed to offer any evidence that the cell phone was not his, or any evidence of interference by the agents. "Merely raising the possibility of tampering

2

is not sufficient to render evidence inadmissible." *Id.* (citing *United States v. Vansant*, 423 F.2d 620, 621 (9th Cir. 1970)).

Sepulveda also argues that the district court erred in admitting records from the Treasury Enforcement Communications System ("TECS") under the business records exception of Federal Rule of Evidence 803(6), instead of the public records exception of Rule 803(8), which we deemed the correct hearsay exception for TECS records in *United States v. Orozco*, 590 F.2d 789, 793-94 (9th Cir. 1979). In addition, he contends that the witness's inability to testify as to which governmental department operates the TECS system and where the system's headquarters are located undermines the records' trustworthiness, requiring their exclusion. Here, as in *Orozco*, the district court erred in admitting the TECS records under the business records exception. Nonetheless, we affirm because the result of the district court's decision is correct, even though it relied upon an erroneous legal basis. *Id.* at 794 n.2. Moreover, Sepulveda has failed to meet his burden of establishing that the TECS records are untrustworthy, which as public records "are presumed trustworthy." *United States v. Loyola-Dominguez*, 125 F.3d 1315, 1318 (9th Cir. 1997).

Sepulveda further argues that the district court erred in admitting demeanor testimony by Customs and Border Patrol Officer Bob Vengrin, in violation of

Federal Rule of Evidence 701. The district court did not abuse its discretion by admitting Officer Vengrin's testimony. The record demonstrates that Vengrin's testimony was "predicated upon concrete facts within [his] own observation and recollection." *United States v. Skeet*, 665 F.2d 983, 985 (9th Cir. 1982).

Sepulveda's argument that the district court erroneously denied his motion for judgment of acquittal similarly fails. Viewed in the light most favorable to the prosecution, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Here, "a jury could reasonably have inferred a conspiratorial agreement from the defendants' long list of coordinated actions." *United States v. Iriarte-Ortega*, 113 F.3d 1022, 1024 (9th Cir. 1997); *see also United States v. Reese*, 775 F.2d 1066, 1071-72 (9th Cir. 1985). This included evidence that the cars driven by Sepulveda and his co-conspirator, which had arrived virtually in tandem at secondary inspection, had identical non-factory components; that similarly located side panels in their cars held the same amount and type of cocaine; that the cocaine bricks bore identical imprinted markings; and that cell phone records linked to Sepulveda and his co-conspirator demonstrated that they had each received calls from the same third party immediately preceding their border crossings.

4

Finally, we reject Sepulveda's claim, raised for the first time on appeal, that the government impermissibly shifted the burden of proof in its closing argument. Although the government's use of the word "presumption" in its closing argument was imprecise, the statement did not shift the burden of proof from the government to the defendant. *Cf. United States v. Vaandering*, 50 F.3d 696, 701-02 (9th Cir. 1995). Moreover, the government twice emphasized that it had the burden of proof beyond a reasonable doubt in its rebuttal. *Cf. id.* at 702.

**AFFIRMED.**