**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dennis Dean COLEMAN, Defendant–Appellant.**

No. 06–50305.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2007.

Filed March 12, 2007.

---

Becky S. Walker, Esq., David K. Willingham, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jill K. Ginstling, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: FERNANDEZ, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM *

The district court found that Defendant Dennis Dean Coleman had violated the terms of his supervised release by unlawfully possessing a firearm. Defendant timely appeals both that finding and the resulting sentence of three years in custody, to be followed by two years of supervised release.

* This disposition is not appropriate for publication and is not precedent except as provided

1. The finding that Defendant violated the terms of his supervised release is not clearly erroneous. *See United States v. Baclaan,* 948 F.2d 628, 630 (9th Cir. 1991) (per curiam) (holding that we review for clear error a district court's findings of fact in connection with a decision to revoke a term of supervised release). There was evidence from which the court reasonably could find that Defendant was the only person who slept in the south bedroom, that the firearm was found under the mattress in his bed, and that only he and his grandmother occupied the apartment. Under California Penal Code section 12021(a), possession of a firearm may be proved circumstantially. *People v. Neese,* 272 Cal.App.2d 235, 77 Cal.Rptr. 314, 322 (1969).

2. In reviewing the sentence imposed, we may consider only the reasons that the district court gave contemporaneously, not those provided later in a written order. *See United States v. Miqbel,* 444 F.3d 1173, 1179–80 (9th Cir.2006) (holding that 18 U.S.C. § 3553(c) requires the court to state reasons at the time of sentencing and that "post hoc reasons" cannot be used to satisfy that requirement). Assuming that the court here improperly considered the seriousness of the offense, as Defendant argues, *see Miqbel,* 444 F.3d at 1182, nevertheless the court also relied on many permissible factors, such as the need for deterrence, Defendant's repeated and close-in-time violations of supervised release, and his commission of dangerous offenses in the past. The court's references to an arguably impermissible factor do not in themselves make the sentence unreasonable. *Id.* at 1182. We conclude that the sentence imposed was reasonable. *See United States v. Booker,* 543 U.S. 220,

by 9th Cir. R. 36-3.

261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (holding that we review a criminal sentence for reasonableness).

3. Further, the district court's decision to impose sentence without resolving the question whether Defendant's conduct constituted a Grade A or Grade B violation does not require reversal. It is clear that the district court considered both possibilities in consulting the advisory Sentencing Guidelines; and, had he chosen one of the two, an error in selecting the wrong category could be harmless. *United States v. Cantrell,* 433 F.3d 1269, 1280 n. 4 (9th Cir.2006). We conclude that any error was harmless here because the court made it clear that the sentence would have been the same, whichever alternative applied.

4. Finally, we agree with Defendant (and the government concedes) that the phrase "or disruptive group" should be excised from the fifth condition of supervised release. Whether we review for abuse of discretion, *United States v. Weber,* 451 F.3d 552, 557 (9th Cir.2006), or for plain error, *United States v. Maciel–Vasquez,* 458 F.3d 994, 996 (9th Cir.2006), *petition for cert. filed,* —— U.S.L.W. —— (U.S. Dec. 13, 2006) (No. 06–8427), the further condition prohibiting Defendant from associating with any criminal street gang is permissible in view of his long affiliation with a criminal street gang.

REMANDED with instructions to delete the phrase "or disruptive group" from the fifth condition of supervised release; otherwise AFFIRMED.