**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Noe GONZALEZ, Defendant— Appellant.**

**No. 06–50426.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 2007.

Filed July 26, 2007.

Becky S. Walker, Esq., Peter A. Hernandez, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Kay Otani, Esq., FPDCA—Federal Public Defender's Office, Riverside, CA, for Defendant–Appellant.

Before: SILVERMAN, W. FLETCHER, and CLIFTON, Circuit Judges.

### MEMORANDUM *

After being convicted by a jury for being a felon in possession of a firearm, Defendant–Appellant Noe Gonzalez appeals his conviction and sentence. We affirm Gonzalez's conviction but vacate his sentence pursuant to Fed.R.Crim.P. 32. We remand to the district court for re-sentencing on Rule 32 grounds only.

Gonzalez argues that his conviction should be reversed because the district court abused its discretion by not permitting him to elicit testimony from a witness regarding an officer's alleged reputation for harassing people. We disagree. The district court has "wide discretion in determining whether evidence is supported by proper foundation." *United States v. Long,* 706 F.2d 1044, 1054 (9th Cir.1983). Here, the district court acted well within that discretion in concluding that Gonzalez failed to lay the requisite foundation for the reputation evidence. Gonzalez did not elicit information from the witness regarding how long the witness had been acquainted with the officer, or with the officer's reputation. Nor did he attempt to establish the basis for the witness's knowledge. *See United States v. Salazar,* 425 F.2d 1284, 1286 (9th Cir.1970); *United States v. Nace,* 561 F.2d 763, 771 (9th Cir.1977). In short, Gonzalez failed to demonstrate that the witness "qualif[ied] ... to speak with authority of the terms in which generally [the officer] is regarded." *Michelson v. United States,* 335 U.S. 469, 478, 69 S.Ct. 213, 93 L.Ed. 168 (1948).

In addition, even if the district court had erred in excluding the witness's reputation testimony, the alleged error did not prejudice Gonzalez. *See Defenders of Wildlife v. Bernal,* 204 F.3d 920, 927–28 (9th Cir. 2000) (noting that to reverse on the basis of an erroneous evidentiary ruling, the error must be prejudicial).

Gonzalez also raises two sentencing challenges. First, he argues that the district court violated Rule 32 by not expressly ruling on the disputed factual issue of whether he is a gang member. The government conceded that a limited remand is appropriate on this issue. We agree, and accordingly, vacate Gonzalez's sentence and remand to the district court for resentencing on Rule 32 grounds. *See United States v. Thomas,* 355 F.3d 1191, 1200 (9th Cir.2004).

Because we vacate Gonzalez's sentence pursuant to Rule 32, we need not reach Gonzalez's second sentencing challenge, in which he argues that the district court violated his due process rights by imposing upon him "unconstitutionally vague and overbroad" conditions of supervised release. We note in passing, however, that Condition Eight's reference to "disruptive group" appears to be vague and open-ended,[1] so we urge that the condition be reviewed carefully upon remand. *See Gaudin v. Remis,* 415 F.3d 1028, 1036 (9th Cir.2005) ("Although we do not decide whether the district court's prior ... finding was erroneous, we do offer this guidance for the district court to consider on remand.").

**AFFIRMED IN PART; VACATED IN PART; REMANDED WITH INSTRUCTIONS.**

---

1. During oral argument, the government acknowledged that the phrase "disruptive group" may be "over vague or overbroad" and has been recognized as such by this circuit. *See United States v. Coleman,* 224 Fed. Appx. 642, 644 (9th Cir.2007) (unpublished disposition) (remanding to the district court with instructions to "delete the phrase 'or disruptive group' " from the defendant's supervised release conditions).